UNITED STATES

v.

Private (E–2) Paul W. PIGGEE, 420–70–6629, U S Army, Headquarters and Headquarters Company, 2d Battalion, 34th Armor, 4th Infantry Division (Mechanized), Fort Carson, Colorado.

CM 432601.

U. S. Army Court of Military Review.

Sentence Adjudged 4 Oct. 1974.

Decided 15 Dec. 1975.

* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

Appearances: Appellate counsel for the Accused: CPT Robert H. Herring, Jr., JAGC; CPT Albert T. Berry, JAGC; LTC James Kucera, JAGC. Appellate counsel for the United States: CPT Clement L. Hyland, JAGC; CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

O'DONNELL, Judge:

In a contested case, the appellant was convicted of one specification of wrongfully possessing marihuana and two specifications of wrongfully selling marihuana, in violation of Article 92 of the Uniform Code of Military Justice, 10 U.S.C. § 892. He was acquitted of a robbery charge. The military judge sentenced the appellant to be discharged from the service with a bad-conduct discharge, to forfeit $240.00 pay per month for seven months, to be confined at hard labor for seven months and to be reduced to the lowest enlisted grade. The convening authority approved the sentence.

The case was originally referred as a common trial together with that of Private First Class Alnola Johnson. Both accused were represented by the same detailed counsel, Captain William L. Cheatham, as well as the same civilian attorney, Mr. Lawrence J. Gross. After arraignment, but before the entry of pleas, the military judge granted a defense motion to sever the cases and, in accordance with the desires of the defense, proceeded first with the trial of Private First Class Johnson.[1] Following the *Johnson* trial, the military judge recused himself from further participation in the instant case. Upon application to the convening authority, Captain Cheatham was permitted to withdraw as defense counsel for Piggee because of a perceived conflict of interest. When the court reconvened to try the appellant, he was represented by Captain Robert L. Guehl and by Mr. Gross. Almost immediately, the trial counsel moved to have Mr. Gross relieved from further participation because at the *Johnson* trial Mr. Gross allegedly implicated Piggee as the guilty party.

Before ruling, the military judge again explained to the appellant his several rights with respect to counsel. He also pointed out to the appellant how Mr. Gross might have acted adversely to Piggee's interests. The appellant stated that he understood but that he still desired to have Mr. Gross represent him.[2] Nevertheless, the military judge held that Mr. Gross was disqualified

---

1. *Johnson* was convicted of one specification of wrongfully possessing marihuana and one specification of wrongfully selling marihuana in violation of Article 92 of the Code. He was acquitted of a robbery charge.

2. The appellant had no objection to Captain Cheatham's withdrawal.

because of conflicting interests adverse to the appellant. The judge removed Mr. Gross, who took no further part in the trial.

■ It is undisputed that an accused in a criminal prosecution has the right to be represented by counsel with undivided loyalty. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Jarvis,* 22 U.S.C.M.A. 260, 46 C.M.R. 260 (1973); *United States v. Lovett,* 7 U.S.C.M.A. 704, 23 C.M.R. 168 (1957). To this end, an attorney should generally decline to represent more than one client except when it is clear that there will be no conflict of interest and except when the several accused consent to such multiple representation. *See* American Bar Association Standards Relating to the Prosecution and the Defense Function (Section 3.5, Defense Function). Moreover, in a case involving multiple accused those responsible for detailing defense counsel should appoint a different counsel for each accused unless there is no possibility of conflicting interest. *United States v. Evans,* 1 M.J. 206 (1975). When it appears that because of conflicting interests an accused was deprived of the undivided loyalty of his counsel, reversal is required without "nice calculations as to the amount of prejudice." *United States v. Evans, supra.* Citing *Glasser v. United States,* 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680 (1942). *See Castillo v. Estelle,* 504 F.2d 1243 (5th Cir. 1974). *See also, United States v. Perez,* 46 C.M.R. 877 (A.C. M.R. 1972).

■ We conclude by an examination of the *Johnson* record that the military judge correctly determined that a conflict of interest existed because civilian counsel at the *Johnson* trial implicated Piggee as the guilty party.[3] The conflict occurred in two instances. The first arose during cross-examination of a prosecution witness when Mr. Gross elicited testimony of an earlier incident when Piggee had sold Johnson's marihuana at a time when Johnson was not present. The other conflict occurred during final argument. Civilian counsel argued essentially that the testimony of the main

prosecution witness was incredible but even if the court believed the witness, his testimony only implicated Piggee. It is within this framework that we must decide the validity of the judge's actions in removing civilian counsel after he had properly determined a conflict of interest existed.

■ An existing attorney-client relationship may be severed by a military judge or by the convening authority only for good cause. *United States v. Catt,* 23 U.S.C.M.A. 422, 50 C.M.R. 326, 1 M.J. 41 (1975); *United States v. Andrews,* 21 U.S.C. M.A. 165, 44 C.M.R. 219 (1972). In the absence of good cause, the severance of the relationship requires reversal without regard to the existence of prejudice. *United States v. Catt, supra.* As an accused is entitled to representation by counsel with undivided loyalty, the existence of a conflict of interest, as in this case, would appear to provide good cause. The difficulty, of course, is that the appellant, after being advised of the conflict, expressed his desire for continued representation by Mr. Gross. The crucial question, therefore, is whether the appellant legally waived the disability.

The precise issue was recently addressed by the United States Court of Appeals for the Fifth Circuit. *United States v. Garcia,* 517 F.2d 272 (5th Cir. 1975). In that case, which involved a criminal prosecution, the trial court, upon motion of the Government, disqualified three defense attorneys because of potential conflicts of interest. The attorneys represented co-defendants as well as potential prosecution witnesses. The trial court held that the Sixth Amendment guarantee of effective assistance of counsel could not be waived. The Court of Appeals reversed, holding that a defendant is free to waive this guarantee, just as he may waive other constitutional safeguards, providing the waiver is voluntary, knowing, and intelligent. As the Court stated:

"If defendants may dispense with the right to be represented by counsel altogether, *Faretta v. California,* [422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)]; *McKenna v. Ellis,* 263 F.2d 35 (5th Cir.

---

3. The *Johnson* record was incorporated in the *Piggee* record of trial as an appellate exhibit.

1959), it would seem that they may waive the right to have their retained counsel free from conflicts of interest." 517 F.2d at 278.[4]

The Court remanded the case to the District Court to permit the trial judge to determine whether the defendants desired to waive their Sixth Amendment protection after being advised of the consequences.

 We agree with the position adopted by the Fifth Circuit. Accordingly, we hold that the military judge erred when he refused to allow the appellant to be represented by Mr. Gross. We are more than satisfied that the judge acted in a commendable effort to safeguard the rights of the appellant. The *bona fides* of the military judge, however, will not serve to sanctify an otherwise erroneous ruling. *United States v. Catt, supra.* It is the accused who, after being properly advised of the consequences, must decide for himself whether to retain a counsel who has a conflict of interest.[5] We are satisfied that the appellant voluntarily, knowingly, and intelligently waived his right to be represented by counsel free of any conflicts of interest. Although the inquiry by the military judge was not designed to permit the appellant to effect a knowing waiver, it was sufficient to accomplish that purpose. In *Garcia*, the Court of Appeals, in remanding the case to the trial court for a waiver inquiry, directed the following procedure:

".   .   . the district court should address each defendant personally and forthrightly advise him of the potential dangers of representation by counsel with a conflict of interest. The defendant must be at liberty to question the district court as to the nature and consequences of his legal representation. Most significantly, the court should seek to elicit a narrative response from each defendant

that he has been advised of his right to effective representation, that he understands the details of his attorney's possible conflict of interest and the potential perils of such a conflict, that he has discussed the matter with his attorney or if he wishes with outside counsel, and that he voluntarily waives his Sixth Amendment protections." 517 F.2d at 278.

A similar procedure should be followed in trials by court-martial to the same end.

The findings of guilty and the sentence are set aside. A rehearing may be ordered before the same or a different convening authority.

Senior Judge JONES and Judge FELDER concur.

---

should detail separate counsel for multiple accused when a possible conflict exists, stated:

"Later, the several accused and their counsel might conclude that no conflict exists; in that event they may agree on the apportionment of responsibility of the conduct of the defense or in the withdrawal of one or more of the assigned lawyers."

---

4. The Court of Military Appeals has long concluded that a military accused may waive his right to be defended by legally qualified counsel, and defend himself. *See United States v. Kraskouskas,* 9 U.S.C.M.A. 607, 610, 26 C.M.R. 387, 390 (1958).

5. *Cf. United States v. Evans, supra,* where the Court after noting that the convening authority