**UNITED STATES**

v.

**Mark J. BARNETT, 255 02 2471, Airman Recruit (E-1), U. S. Naval Reserve.**

**NCM 77 1159.**

U. S. Navy Court of Military Review.

Sentence Adjudged 15 March 1977.

Decided 15 August 1977.

---

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

LT Michael C. Farrow, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

GREGORY, Judge:

Pursuant to his pleas, appellant was convicted at a special court-martial bench trial of five specifications of unauthorized absence. The sentence approved on review below provides for a bad conduct discharge, confinement at hard labor for four months, and forfeiture of $249.00 pay per month for four months.[1]

In the single assignment of error before this Court, it is alleged that the relationship between trial defense counsel and the defense witness, STSA Lester, prevented that counsel from providing adequate representation to appellant on the motion to dismiss for lack of *in personam* jurisdiction. We agree that trial defense counsel was caught up on a conflict of interests which operated to appellant's detriment and that corrective action is necessary.

Prior to entering his pleas, appellant contested jurisdiction on the basis of recruiter misconduct at the time of his enlistment. *See United States v. Russo,* 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975). He testified that he attempted to enlist in Greenville, South Carolina, but was rejected because his physical examination disclosed a disqualifying allergic reaction to metal resulting in a rash caused by the metal in his belt buckle. He stated that he wanted to join the Navy very strongly and that the recruiter in Greenville advised him to attempt to enlist in another area without disclosing his previous rejection. The Greenville recruiter was called as a witness at trial and denied giving appellant any such advice; however, other witnesses offered support for this portion of appellant's testimony.

Appellant subsequently applied and was accepted for enlistment at Athens, Georgia. He further testified that he had become concerned about a possible fraudulent enlistment during the course of his enlistment processing and had related to his Athens recruiter the circumstances of his abortive attempt at enlisting in Greenville. Appellant indicates that the Athens recruiter advised him not to mention this on his enlist-

---

1. We note that the court-martial order fails to reflect Additional Charge II and the specification thereunder.

ment forms. The Fraudulent Enlistment Warning (NAVPERS 1130/2), Appellate Exhibit 2, filled out by appellant at the Athens recruiting station, contains the answer "no" to the question "Were you ever rejected as an applicant for enlistment or induction into the Armed Forces?"

The Athens recruiter testified at trial and denied telling appellant to make a false answer on the form or being aware that appellant had previously been rejected for enlistment. The recruiter also denied instructing another of his prospective recruits named Lester to describe himself as a casual user of marijuana in his enlistment application papers. In rebuttal, the defense presented the testimony of STSA Lester who described this particular recruiter's efforts to have him downplay his prior heavy use of marijuana in applying for a waiver to allow his enlistment. The testimony given by Lester significantly disputed the recruiter's testimony and impacted on a core issue; the credibility of the recruiter.

At the time of appellant's trial, STSA Lester was also awaiting trial at Naval Base, Charleston, on unspecified criminal charges. He was being represented by the same Navy lawyer who was acting as trial defense counsel for our appellant. The military judge evinced concern about this testimony, but STSA Lester indicated that after consultation with his counsel he decided to testify and he understood his testimony tended to implicate him in another criminal offense of fraudulent enlistment. [R. 32, 35].

After STSA Lester had completed his testimony, the military judge ordered a recess and indicated that he would "like to see counsel." [R. 35]. What transpired at this conference, presumably in chambers, is not reflected in the record of trial. When trial resumed twenty-seven minutes later, STSA Lester was recalled and indicated a previous lack of full understanding of his right against self-incrimination and the possible implications of his earlier testimony. He specifically stated that had he possessed a full understanding he would not have given his earlier testimony. [R. 36–37]. On this

basis, defense counsel moved to strike the entire testimony of STSA Lester. This motion was granted by the military judge. [R. 38].

It is clear that counsel for appellant found himself "bogged down in a quagmire of ineluctable conflict", as picturesquely described by Senior Judge Ferguson in *United States v. Blakey,* 1 M.J. 247 (1976). The testimony of STSA Lester could have been most helpful to this appellant by way of attack on the credibility of the Athens recruiter. Counsel for appellant could not present this testimony for appellant's benefit, however, without abandoning to some extent the best interests of his other client, STSA Lester. His ultimate solution was to subordinate possible advantages to our appellant to the interests of STSA Lester. *See United States v. Evans,* 1 M.J. 206 (1975).

We are troubled, to say the least, by trial defense counsel's motion and the ruling of the military judge. We are certain the motives of the trial defense counsel and the military judge were altruistic toward STSA Lester; however, we do not believe these motives should be used to the detriment of this appellant. We note that the military judge, in explanation as to the impact of the questioned testimony on appellant's case, held "Lester's testimony for this trial is non-existent." [R. 39].

On appeal, the Government has contended that trial defense counsel's conflict of interest has been of no real effect. They argue that, if STSA Lester had been represented by separate counsel, he would have undoubtedly been advised to decline to testify and the appellant in this case would be no worse off. This is certainly a distinct possibility; however, we are not convinced it is a certainty. The Government also argues the record of trial indicates that, if trial defense counsel had not moved to strike STSA Lester's testimony, the military judge was prepared to act *sua sponte.* Review of the military judge's explanation for his ruling indicates this to be true. [R. 38]. This argument also begs the central question, however, whether appellant has

received the full benefit of representation by counsel.

In summary, we are unable to escape the conclusion that the divided loyalties of his counsel have operated to the prejudice of appellant. To what extent, we are not sure. However, when it appears that because of conflicting interests an accused has been deprived of the undivided loyalty of his counsel, reversal is required without "nice calculations as to the amount of prejudice." *United States v. Evans, supra,* citing *Glasser v. United States,* 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

The Government has also argued on appeal that the error, if any, only affects the jurisdictional issue and did not permeate the whole trial. They indicate that a limited rehearing into the question of jurisdiction would be adequate under the circumstances. *See United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967); *United States v. Wilson,* No. 76 2643 (N.C.M.R. 5 April 1977). In view of the nature of the error, however, the adequacy of representation, we consider it more appropriate to allow a complete rehearing. We do this out of an abundance of caution for the rights of the appellant.[2] We would also consider it appropriate that prior to any rehearing the appellant be afforded the right to new detailed counsel. *See generally, United States v. Piggee,* 51 C.M.R. 653, 2 M.J. 462 (A.C.M.R.1975).

Accordingly, the findings of guilty and sentence are set aside. The record of trial is returned to the Judge Advocate General. A rehearing may be ordered.

Chief Judge CEDARBURG concurs.

ROOT, Judge (concurring):

While I concur generally in the opinion of my learned brother, the possibility that another counsel would permit STSA Lester to testify on behalf of our appellant is alluded to. I think that the chance of a responsible defense counsel permitting him to testify in a trial prior to his own, concerning the circumstances of his enlistment, is very small. However, there is no room for doubt that an accused in a criminal prosecution has the unqualified right to be represented by counsel with undivided loyalty. *United States v. Piggee,* 51 C.M.R. 653, 2 M.J. 462 (A.C.M.R.1975), citing *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Our appellant did not waive his right to such counsel; nevertheless, when trial defense counsel moved to strike the favorable testimony of STSA Lester, who was also his client in a separate criminal proceeding, he then and there subordinated the best interest of our appellant to that of another client. This was error. *United States v. Evans,* 1 M.J. 206 (1975); *United States v. Piggee, supra.* It appears, therefore, that because of conflicting interests our appellant has been denied the undivided loyalty of his counsel. This error requires reversal. *See United States v. Piggee, supra.*

---

**2.** We also have some question as to the verbatim nature of the record of trial in view of the unrecorded conference between the military judge and counsel. *United States v. Sturdi-* *vant.* 1 M.J. 256 (1967); *United States v. Averett,* 3 M.J. 201 (C.M.A.1977) (Memorandum Opinion).