Donna SALTER, Petitioner-Appellant,

v.

William K. JOHNSON, Sheriff,
Respondent-Appellee.

No. 77–3521.

United States Court of Appeals,
Sixth Circuit.

Argued June 15, 1978.

Decided July 20, 1978.

James R. Willis, Willis, Whitehead, Character, Adrine, Childs, Blackwell & Davidson Co., L. P. A., Cleveland, Ohio, for petitioner-appellant.

Ronald W. Vettel, Pros. Atty., John G. Cardinal, and Mark S. Gervelis, Asst. Pros. Attys., Jefferson, Ohio, for respondent-appellee.

Before ENGEL and KEITH, Circuit Judges, and NEESE, District Judge.*

PER CURIAM.

This is an appeal from the district court's order denying appellant's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1970). The issues raised in this habeas petition and presented to this Court on appeal are whether appellant was denied due process of law when her pre-trial motion to suppress evidence seized pursuant to a search warrant was dismissed by the trial court as being untimely, and whether the fact that this motion was untimely filed by counsel violated her Sixth Amendment right to effective assistance of counsel. Appellant also contends that the affidavit which supported the motion for the search warrant contained deliberate falsehoods, was insufficient on its face to show probable cause for the issuance of the warrant,

* The Honorable C. G. Neese, United States District Judge for the Eastern District of Tennessee, sitting by designation.

and that her conviction was not supported by the evidence.

The home of appellant and her husband was searched on November 15, 1974, pursuant to a search warrant issued by an Ashtabula, Ohio, Common Pleas Court Judge. The warrant was issued to the Sheriff of Ashtabula County who had filed an affidavit stating that he had received information from "truthful, reliable informants" concerning the possession of narcotics and narcotics paraphernalia, and of guns while under a disability, by the Salters in their home. The sheriff's affidavit indicated that he had received his information from two Cleveland Police Department detectives who had obtained their information from surveillance of the Salters' home and from unnamed previously reliable informants. The search of the premises revealed various amounts of narcotic drugs and drug-related paraphernalia, and various guns.

Appellant and her husband were tried before a jury. She was convicted on March 24, 1975, in Ashtabula County Court of Common Pleas, Ashtabula County, Ohio, of two counts of possession for sale of heroin and cocaine, in violation of Ohio Rev.Code Ann. § 3719.20(A) (Page 1971), repealed, 1975 H 300, eff. 7–1–76, and one count of possession for sale of marijuana, in violation of Ohio Rev.Code Ann. § 3719.44(B) (Page 1971). The judgment of conviction was affirmed by the Ohio Court of Appeals for Ashtabula County. *Ohio v. Salter*, No. 849 (Ct.App. Ohio Ashtabula Cty., April 12, 1976). An appeal to the Ohio Supreme Court was dismissed *sua sponte* on the ground that no substantial constitutional question was presented. *Ohio v. Salter*, No. 76–574 (Ohio, Sept. 17, 1976). A petition for writ of certiorari to the United States Supreme Court was denied on February 22, 1977. *Salter v. Ohio*, 429 U.S. 1106, 97 S.Ct. 1137, 51 L.Ed.2d 558 (1977). This petition for a writ of habeas corpus was filed on March 7, 1977, and a hearing was held before a Magistrate on July 1, 1977. The Magistrate recommended that the petition be denied. After objections to the report were filed, the district court entered an Order denying the petition on August 26, 1977.

■ Upon a consideration of the record on appeal, together with the briefs and oral arguments of counsel, we conclude that the district court did not err in denying this petition for a writ of habeas corpus. The trial court did not abuse its discretion in denying appellant's pre-trial motion to suppress the contraband seized in the search of her house when the motion was filed only four days prior to trial. Rule 12(B)(3) of the Ohio Rules of Criminal Procedure provides that a motion to suppress evidence on the ground that it was illegally obtained must be raised before trial. Rule 12(C) provides that all pre-trial motions must be made within thirty-five days after arraignment or seven days before trial, whichever is earlier, although the court may in the interest of justice extend the time for making pre-trial motions. Rule 12(G) provides that failure to raise a defense or objection within the time set by Rule 12(C) shall constitute a waiver of such defense or objection unless the court for good cause shown shall grant relief from such waiver. In the instant case, appellant's pretrial motion to suppress was made on March 7, 1975, only four days before trial was set to begin and over thirty-five days after she had been arraigned. The motion contained a conclusory allegation that "the affidavit used to procure the search warrant contains false and misleading statements." No affidavit in support of this assertion was filed with the trial court, either prior to trial or at the conclusion of the state's case when the motion was renewed, or later, when in a motion for a new trial this claim was raised again. *See Franks v. Delaware,* —— U.S. ——, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Thus, no good cause was shown to the court why it should grant relief from appellant's waiver of this objection. Therefore, the trial court did not abuse its discretion in denying the motion.

■ In *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497 (1977), and *Francis v. Hender-*

*son,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), the Supreme Court held that a state prisoner may not raise in a federal habeas proceeding a constitutional claim he did not present to the state courts because of his failure to comply with a state court procedural rule, absent some showing of cause for his noncompliance with the state rule, and a showing of actual prejudice resulting from the alleged constitutional violation. Here, appellant asserts that her noncompliance with the provisions of Rule 12 was the result of ineffective assistance of counsel. However, appellant did not file with the district court any affidavit showing that the allegedly false statements in the search warrant affidavit were knowingly made with an intent to deceive the court, or recklessly made to establish probable cause. *United States v. Luna,* 525 F.2d 4 (6th Cir. 1975), cert. den. 424 U.S. 965, 96 S.Ct. 1459, 47 L.Ed.2d 732 (1976). We therefore conclude that trial counsel's failure to timely file the motion to suppress does not constitute ineffective assistance of counsel within the meaning of the Sixth Amendment. *United States v. Yelardy,* 567 F.2d 863 (6th Cir. 1978); *Beasley v. United States,* 491 F.2d 687 (6th Cir. 1974). We further conclude that the search warrant affidavit was sufficient on its face to support the issuance of the search warrant. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108 (1964); *United States v. Jenkins,* 525 F.2d 819 (6th Cir. 1975).

As for appellant's claim that her conviction was not supported by the weight of the evidence, the record indicates that there was an evidentiary basis for the jury's verdict of guilty. Therefore, appellant's conviction is not unconstitutional under the due process clause of the Fourteenth Amendment, *Vachon v. New Hampshire,* 414 U.S. 478, 94 S.Ct. 664, 38 L.Ed.2d 666 (1974), and the sufficiency of the evidence in this state court trial is not reviewable in a federal habeas proceeding. *Brooks v. Rose,* 520 F.2d 775 (6th Cir. 1975).

The judgment of the district court is affirmed.