UNITED STATES, Appellee,

v.

Private (E-1) Allan L. BROWN, SSN 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, United States Army, Appellant.

CM 436896.

U. S. Army Court of Military Review.

29 Jan. 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain R. Wade Curtis, JAGC, and Captain Richard E. Connell, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, Captain Paul W. Jacobson, JAGC, and Captain Landon P. Snell, III, JAGC, were on the pleadings for appellee.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Contrary to his pleas, appellant was convicted by a court with members of the offense of rape. He was sentenced to a bad-conduct discharge, confinement at hard labor for two years, and forfeiture of all pay and allowances. The convening authority approved the sentence.

Upon this appeal, appellant contends that the military judge failed to make an adequate inquiry into the possibility that his civilian defense counsel might have had a conflict of interest in representing him. He also charges his civilian attorney with having rendered ineffective assistance of counsel.

Although four men participated in the rape of this victim, appellant was tried separately from any of the other accused soldiers. Appellant was represented at the initial Article 39(a), 10 U.S.C. § 839(a) session in his case solely by his detailed military defense counsel. On being advised by the military judge of his rights to counsel, appellant repeatedly expressed his desire to

be defended by a named civilian attorney. The military judge thereupon pointed out that the civilian counsel was representing two other soldiers who were accused of this offense. The military judge ascertained that the civilian counsel did not represent any person who would be called as a witness for the prosecution in the present case and also determined that appellant had discussed with his detailed defense counsel, as well as with the civilian counsel concerned, the potential problems of multiple representation of clients in the same case by one attorney. Appellant expressed his conviction that the civilian counsel could represent his interests without any conflict whatsoever. The court-martial was thereafter recessed pending a determination of the civilian counsel's availability, and when that attorney ultimately appeared in court, trial commenced on the merits. The military judge made no further mention of the possibility of any conflict of interest and did not question the civilian counsel in this regard. While appellant now contends that the military judge's inquiry into the possibility of a conflict of interest on the part of the civilian counsel did not meet the requirements of *United States v. Davis*, 3 M.J. 430 (CMA 1977), we believe that the inquiry conducted was proper under the circumstances.

▇▇▇ In *Davis*, the Court of Military Appeals adopted the type of inquiry prescribed in *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), for use in situations where there is an actual or apparent conflict of interest.[1] Stating that the precise

format of the hearing need not be rigidly constructed, Chief Judge Fletcher held that the first step to be taken by the trial judge in such a situation is to determine "whether a potential conflict exists and its basis, if any, as well as whether there may be confidential or privileged material involved."[2] If the military judge determines that an actual or potential conflict of interest exists, *Davis* then requires the judge to inquire further of the accused as to whether he understands the nature of his attorney's ethical problem and is willing to waive his Sixth Amendment right to a conflict-free counsel. It is apparent from this discussion that the portions of the *Davis* inquiry relating to waiver of conflict-free counsel are applicable only to those cases in which the military judge has made the threshold determination that a conflict or potential conflict exists.[3] In this case the military judge questioned appellant sufficiently on the record to establish that the facts as then known dispelled any potentiality of a disqualifying conflict of interest.[4] While a lawyer should generally refrain from representing multiple accused at one trial,[5] representation of co-accused in separate trials is not necessarily conflicting. *See* ABA Standards, *The Defense Function*, § 3.5(b) (1971); ABA Code of Professional Responsibility, DR5-105. Inasmuch as the judge's inquiry disclosed no potential conflict of interest, the military judge was not obliged to elicit from appellant a waiver of his right to a conflict-free counsel.[6] Nor do we find error in the judge's failure to question the civilian counsel himself, for an inquiry addressed to counsel is not contemplated by

---

1. In *Davis*, the defense counsel represented both the accused and one of the prosecution's principal witnesses. In *Garcia*, the counsel for the accused represented potential prosecution witnesses.

2. *United States v. Davis*, 3 M.J. at 434. The assurances of the counsel himself in this regard are not necessarily dispositive of the issue. *See United States v. Davis*, 3 M.J. at 432 n.10.

3. *See United States v. Piggee*, 2 M.J. 462 (ACMR 1975). This Court adopted in *Piggee*, almost two years prior to the Court of Military Appeals' decision in *Davis*, the inquiry based upon *United States v. Garcia*, 517 F.2d 272 (5th

Cir. 1975), for judicial scrutiny of possible conflicts of interest by counsel. *Cf., United States v. Davis*, 3 M.J. at 433–4.

4. *See United States v. Evans*, 1 M.J. 206, 209 (CMA 1975).

5. *United States v. Aponte*, 45 C.M.R. 522 (A.C.M.R.), *pet. denied*, 45 C.M.R. 928 (1972).

6. Such an inquiry may tend to undercut an accused's faith in his attorney, and it is therefore poor procedure for a military judge to exact such a waiver without first determining that at least the potential for a conflict exists.

*United States v. Garcia, supra,* or required by *United States v. Davis, supra.* At no point during the trial of the case on the merits did any facts surface which should have suggested to the military judge that a conflict of interest had arisen, or that additional inquiry was required. Accordingly, we hold appellant's assigned errors, dealing with the adequacy of the military judge's inquiry into defense counsel's purported conflict of interest, to be without merit.

■ Appellant's contention that his civilian counsel rendered him ineffective assistance is also without merit. We have compared appellant's affidavit with that of his counsel, and we conclude that the decision for appellant not to testify on the merits was based upon valid tactical considerations and was made with appellant's consent. We specifically reject appellant's assertion that he was told by his counsel not to testify in order to benefit another of the counsel's clients in another trial.

Appellant's remaining assignments of error do not warrant discussion or corrective action.

The findings of guilty and the sentence are affirmed.