**John Cornelius FULFORD,**
**Petitioner-Appellant,**

v.

**Frank BLACKBURN, Warden,**
**Respondent-Appellee.**

**No. 76–4296.**

United States Court of Appeals,
Fifth Circuit.

April 16, 1979.

John Cornelius Fulford, pro se.

James O. Brecher, Jacksonville, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Davis G. Anderson, Jr., Asst. Atty. Gen., C. Marie King, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before WISDOM, TJOFLAT and VANCE, Circuit Judges.

TJOFLAT, Circuit Judge:

John Cornelius Fulford, currently imprisoned by the state of Louisiana, appeals from the district court's denial of his habeas corpus petition, 28 U.S.C. § 2254 (1976),[1] in which he seeks to set aside a Florida conviction. Fulford contends that the Florida conviction, for the offense of escape, is constitutionally invalid because he was denied the effective assistance of counsel guaranteed him by the sixth amendment. The district court dismissed the petition without a hearing on alternative grounds: (1) Fulford was not "in custody" as required by section 2254 because he had completed service of the prison sentence imposed for the escape conviction, and (2) the petition fails to allege facts showing that his counsel was ineffective. Because we find that Fulford's constitutional claim is without merit, it is unnecessary for us to resolve the in custody issue.

Fulford is presently confined in the Louisiana State Penitentiary, Angola, Louisiana, while serving a life sentence for murder. He filed the petition now before us because the director of classification at the Angola penitentiary has informed him that two prior Florida convictions, one being the escape conviction presently under attack, are hampering him in regard to job assignments and custody classification as well as parole consideration. Record, at 1, Exh. "G." These collateral consequences, Fulford argues, satisfy the in custody requirement of

section 2254 and, coupled with his assertion that his escape conviction is infirm under the sixth amendment, mandate the issuance of the writ.

I

The background of Fulford's prosecution for escape is as follows. On October 5, 1954, Fulford was convicted in Florida state court on a charge of assault with intent to commit manslaughter and sentenced to a prison term of ten years. On January 7, 1957, while serving that sentence, Fulford escaped. He was apprehended and on September 4, 1957 was sentenced to four years for escape. On appeal, his escape conviction was reversed and the case was remanded for a new trial. See Fulford v. State, 113 So.2d 572 (Fla.Dist.Ct.App.1959). On remand, Fulford was tried, without the benefit of counsel, and again convicted; on September 8, 1959, he was once more sentenced to four years. The conviction was affirmed on appeal. See Fulford v. State, 121 So.2d 490 (Fla.Dist.Ct.App.1960) (per curiam). On April 17, 1963, Fulford moved the state trial court to vacate the escape conviction and sentence on the theory that his counselless trial was invalid under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The motion was granted and a new trial ordered. On May 8, 1963, Fulford, through court-appointed counsel, negotiated a plea agreement; Fulford pled guilty and received a bargained-for indeterminate sentence of six months to two years. In fashioning the sentence the trial judge gave Fulford credit for time served under the four-year sentence previously imposed on the escape charge. This credit resulted in Fulford's unconditional release from state custody after serving an additional 47 days.

When Fulford escaped from prison on January 7, 1957, the penalty provided by the Florida escape statute, Fla.Stat. § 954.-

1. The federal habeas corpus statute dealing with state prisoners provides in pertinent part:

§ 2254. State custody; remedies in Federal courts

(a) . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

30 (1955),[2] for one occupying Fulford's status (*i. e.,* serving a sentence on a felony conviction) was a determinate prison sentence of up to ten years. Other statutory provisions also authorized the sentencing judge to withhold the imposition of a prison sentence and to place the escapee on probation. Fla.Stat. §§ 948.01–.06 (1955). Six years later, however, when Fulford came on for sentencing pursuant to his plea agreement, a third sentencing alternative was available to the trial court. In addition to the options of handing down a determinate prison sentence of up to ten years or placing the escapee on probation, the trial court was authorized to impose an indeterminate prison sentence of six months to ten years. Fla.Stat. § 921.18 (1961).[3] Fulford's plea agreement called for an indeterminate sentence under this latter provision.

The state concedes that the indeterminate six month to two years sentence Fulford received was not an authorized sentencing alternative for the offense he committed; if the court were to order Fulford incarcerated all that it could require was that he serve a determinate sentence of up to ten years. Fulford contends that by bargaining for and persuading Fulford to agree to the unauthorized indeterminate sentence, his lawyer rendered him ineffective assistance of counsel in a sixth amendment sense. We are not persuaded.

## II

Fulford suggests that any lawyer who advises his client to enter into a plea agreement premised upon the receipt of a sentence unauthorized under state law is necessarily rendering ineffective assistance of counsel under the sixth amendment. We are unwilling to treat the rendition of such legal advice as a sixth amendment violation in all cases, especially one such as this. Fulford admits that he was correctly advised by his attorney, at the time the plea bargain was struck, that he faced a maximum ten-year prison sentence and that he pled guilty because an early release was guaranteed. He makes no claim that a determinate sentence would have resulted in an even earlier discharge from custody or that he would not have entered into the plea arrangement had he been informed that the indeterminate sentencing option was unavailable to the trial court. In fact, Fulford's argument concedes that the result actually achieved could have been fashioned by the parties and the court under the determinate sentence alternative. In sum, the allegations of Fulford's pro se petition demonstrate no prejudice resulting from his counsel's oversight. Consequently, a sixth amendment claim has not been made out. *See Sand v. Estelle,* 559 F.2d 365 (5th Cir. 1977), *cert. denied,* 434 U.S. 1076, 98 S.Ct. 1267, 55 L.Ed.2d 783 (1978). The judgment of the district court is therefore

AFFIRMED.

---

**2.** Fla.Stat. § 954.30 (1955), provided:

> *Escapes; penalty.*—Any prisoner confined in any prison, jail, road camp or other penal institution, state, county or municipal, or in working upon the public roads or being transported to or from a place of confinement, who escapes or attempts to escape from such confinement, if the charge or conviction under which said prisoner is incarcerated constitutes a felony, he shall be guilty of a felony and upon conviction thereof *shall be punished by imprisonment of not more than 10 years* . . . . .

(emphasis added).

**3.** Fla.Stat. § 921.18 (1961), provided:

> *Sentence for indeterminate period for noncapital felony.*—Whenever any person is convicted of a noncapital felony and the court determines that the defendant should not be placed on probation and should not be fined as the sole punishment, but should be sentenced to a term of confinement, the court within its discretion, in imposing sentence, may sentence such person to the custody of the division for *an indeterminate period of 6 months to a maximum period of imprisonment which maximum sentence may be less than the maximum authorized by law for the felony of which such person was adjudged guilty.* . . .

(emphasis added).