**UNITED STATES**

v.

**Charles Douglas OWENS, 148 52 2704, Sergeant (E–5), U. S. Marine Corps.**

**NMCM 80 2618.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 24 June 1980.

Decided 30 Dec. 1981.

MAJ James P. Axelrod, USMC, Appellate Defense Counsel.

LT Wm. Eric Minamyer, JAGC, USNR, Appellate Government Counsel.

Before BAUM, ABERNATHY and KER-CHEVAL, JJ.

ABERNATHY, Judge:

At general court-martial the military judge accepted appellant's guilty pleas and found him guilty of premeditated murder under Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918. Appellant's sentence, as approved on review below in accordance with a pre-trial agreement, extends to confinement at hard labor for 50 years, forfeiture of all pay and allowances, reduction to pay grade E–1 and a dishonorable discharge.

Appellant brings before this Court five assignments of error. As we find our determination of the first assignment to be dispositive of the second, fourth and fifth, we will discuss only the first and third of appellant's contentions.

In his first assignment of error, appellant contends he "was denied effective assistance of counsel when his detailed defense counsel permitted him to confess to the Naval Investigative Service."

The real issues here, brought out implicitly in the assignments of error and in appellate defense counsel's oral argument, are: (1)(a) whether trial defense counsel's assistance was ineffective; and, if so, (b) whether it was so ineffective as to have unlawfully induced appellant's confession, thereby rendering it inadmissible at trial; and (2) whether that confession, allegedly unlawfully induced and therefore inadmissible, so influenced appellant's strategic decision to plead guilty that that plea must be found improvident.

In determining the efficacy of trial defense counsel's assistance to appellant prior to appellant's confession, we look to the standard adopted by the Court of Military Appeals:

[W]e have "assume[d] that the accused is entitled to the assistance of an attorney of reasonable competence" . . . and have expressed the expectation that the attorney will ". . . exercise . . . the customary skill and knowledge which normally prevails . . . within the range of competence demanded of attorneys in criminal cases. . . ." We believe that to exercise the skill and knowledge which normally prevails within the range of competence demanded of attorneys in criminal cases requires that the attorney act as a diligent and conscientious advocate on behalf of his client. *United States v. Rivas*, 3 M.J. 282, 288 (C.M.A.1977) (footnotes omitted).

We assume that counsel are held to this standard at trial and during pre-trial proceedings. We assume the standard applies when counsel have been officially detailed; and we consider the standard applicable to counsel who are called in simply to advise a client of his rights, where such counsel permit the development of an on-going attorney-client relationship.

With this standard in mind, and with an eye to the guidance rendered counsel by the American Bar Association both in "Canon 7 Ethical Considerations" *Code of Professional Responsibility, as amended,* (August 1978); and in "The Defense Function," ch. 4, 1 *Standards for Criminal Justice,* (2d ed. 1980), we have examined the extent of counsel's pre-confession assistance to the appellant.

■ According to the memorandum drawn up by counsel on 27 May 1980, 19 days after appellant's confession, and subsequently signed by appellant, counsel told appellant four times prior to any confession

that appellant didn't have to confess or say a thing to the Naval Investigative Service; five times that counsel would defend appellant whether or not appellant confessed; twice that if appellant confessed he could reasonably be looking at twenty years in prison; twice that the Government might not be able to prove a thing; that confessing would deal the prosecution its strongest card; and that appellant would go to jail that day if he confessed. During the course of his consultations with counsel, appellant initiated and persisted in his decision to confess. He expressed his desire to confess four times, two of which were after an hour and twenty minutes' private consultation at home with his wife. Counsel did not vigorously oppose appellant's decision. Counsel did not attempt to convince appellant to postpone the confession until after the government case against appellant had been investigated. We view counsel's lapses in these areas with some concern. In another case they might have seriously prejudiced the rights of a client, but in order to find that they constituted ineffective assistance of counsel in this case we must first view them against the background of whatever appropriate advice counsel did give his client and then ask whether counsel's lapses prejudiced appellant.

That an accused must show actual prejudice should he wish an allegation of ineffective assistance of counsel to stand is a premise well-grounded in federal law:

See, e.g., United States v. Runge, 593 F.2d 66, 70 (8th Cir. 1979) (per curiam) (defendant failed to demonstrate that short trial preparation time prejudicial); Fulford v. Blackburn, 593 F.2d 17, 19 (5th Cir. 1979) (attorney's negotiation of impermissible sentence not ineffective assistance because defendant could not have received lesser sentence); United States v. Brackenridge, 590 F.2d 810, 811 (9th Cir.) (per curiam) (counsel's failure to move for judgment of acquittal at close of prosecution's case-in-chief not ineffective assistance because not prejudicial to defendant), cert. denied, 440 U.S. 985 [99 S.Ct. 1801, 60 L.Ed.2d 248] (1979);

Thomas v. Estelle, 588 F.2d 170, 171 (5th Cir. 1979) (per curiam) (appointment of counsel two days before trial resulting in his inability to investigate alibi witnesses not prejudicial because affidavits showed that testimony would not have aided defendant at trial); Sallie v. North Carolina, 587 F.2d 636, 641 (4th Cir. 1978) (failure to object to introduction of evidence resulting from warrantless search not prejudicial when record showed search reasonable), cert. denied, 441 U.S. 911 [99 S.Ct. 2009, 60 L.Ed.2d 383] (1979); United States v. Ritch, 583 F.2d 1179, 1183 (1st Cir.) (defendant did not meet burden of proving prejudice despite fact that counsel appointed six days before trial), cert. denied, 439 U.S. 970 [99 S.Ct. 463, 58 L.Ed.2d 430] (1978); Salter v. Johnson, 579 F.2d 1007, 1009 (6th Cir.) (per curiam) (untimely filing of pretrial motion to suppress evidence not sufficient to prove ineffective assistance because defendant failed to prove that grounds existed to grant motion even if timely filed), cert. denied, 439 U.S. 989 [99 S.Ct. 587, 58 L.Ed.2d 663] (1978).

As cited in "Project: Criminal Procedure," 68 Georgetown Law Journal 279, 498 n. 1656 (1979).

■ In this case we find no prejudice to appellant. It was appellant who initiated the idea of confession. The decision to confess was appellant's to make. United States v. Courney, 11 M.J. 594, 596 (A.F.C. M.R.1981); See also United States v. Piggee, 2 M.J. 462, 464, 465 (A.C.M.R.1975). While counsel did not impede appellant in the decision to confess, neither did counsel encourage him in it. Forty-six days after confessing appellant voluntarily executed a handwritten statement reasserting that counsel had advised him of his right not to confess and the probable consequences of his confessing. In that statement of 24 June 1980, appellant stated that before consultation with counsel, he "had already made up [his] mind to confess and had no intentions on [sic] changing [his] mind." Furthermore, appellant expressed in that statement his very positive attitude toward

counsel as an advocate of his rights. During oral argument this Court learned that appellant has not repudiated that statement and nothing has been attached to the record which would cause us to believe appellant might repudiate it.

◼ Appellant's decision to confess was apparently the result of a desire to clear his mind or "get it over." Whether appellant also desired to trade his confession for a non-capital referral of the case to court is of some importance. The evidence indicates he entertained that desire. But of more importance in the matter of counsel's competence is the fact that, faced with a client seemingly bent on confessing but worried about a death sentence, counsel did arrange for a non-capital referral in exchange for the confession. We come therefore in passing to appellant's third assignment of error that his "pleas of guilty were rendered improvident when neither trial counsel nor trial defense counsel informed the military judge of what amounted to an additional term of the pretrial agreement, to wit: that in consideration of the appellant's confession the case would be referred as non-capital."

The third assignment of error raises the matter of timing and the nature of the court-martial process. Before there may be a bargain on pleas, there must be an impending trial as witnessed by a referral of charges to the court-martial. The nature of the charges referred and the type of forum selected for their disposition are initial matters left to the discretion of the convening authority. Within that officer's province is also the decision whether, in a case where a capital referral is optional, the referral will be capital or non-capital. The referral of charges is not a part of the court-martial process to which the accused must be given access. That the accused in the instant case was given such access worked exclusively to his benefit, but there was no requirement that he be afforded this opportunity and there was no requirement that the military judge be informed of the accused's request for, and the convening authority's agreement to, a non-capital referral, since pleas were not a part of it.

The third assignment might have raised the separate issue of the voluntariness of the confession if the suggestion of trading the confession for a non-capital referral had originated with the convening authority. It originated, however, with the appellant and his counsel. It was not appellant who was being induced to confess but rather the convening authority who was being persuaded to refer the case as non-capital.

◼ Appellant's decision to confess was not part of his decision to plead guilty. The two decisions were in this case, and are in general, fundamentally distinct and are so treated by the courts. The care which must surround a determination that a guilty plea is provident is greater than that which must be taken to ensure that only a voluntary and intelligent confession is admitted into evidence. *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012 (1927).

◼ The law distinguishes the confession from the guilty plea. It distinguishes the issue of effectiveness of counsel from both. *United States v. Zuis*, 49 C.M.R. 150 (A.C.M.R.1974) (O'Donnell, J., concurring at 159). *United States v. Gandy*, 47 C.M.R. 130, 132 (A.F.C.M.R.1973). Given the military judge's exhaustive inquiry under *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (C.M.A.1969), and the consistency between appellant's answers and his pleas, we do not have before us any allegations from the appellant which would lead us to find those pleas improvident. *See United States v. Boberg*, 17 U.S.C.M.A. 401, 404, 38 C.M.R. 199, 202 (C.M.A.1968).

In light of the circumstances of this case, we find (1) that counsel rendered effective assistance to appellant; (2) that appellant's confession was appropriately admissible at trial; and (3) that appellant's pleas of guilty were provident. Accordingly, the findings of guilty and the sentence are affirmed.

Judge KERCHEVAL concurs.

BAUM, Senior Judge (concurring in the result):

The majority finds that counsel rendered effective assistance to appellant when, three hours after first meeting appellant and finding out that he was suspected of murder, counsel, without investigating the case against his client, escorted appellant to the Naval Investigative Service and assisted him in confessing to the crime. Counsel never once advised appellant not to confess. Instead, he informed the accused of the law and the various consequences flowing from a confession, much as a government interrogator would advise a suspect of his rights, and made informal inquiry as to the prospect of the case being declared non-capital if a confession was forthcoming. An informal assurance to this effect was given through an intermediary and appellant then confessed. All of this was done without counsel first determining what evidence, if any, there was against appellant.

In my view such conduct constitutes inadequate representation at the pre-trial stage. If a not-guilty plea had been entered at trial and the admissibility of the confession on the merits had been challenged, I would find the confession inadmissible on the facts before us. That is not what occurred, however, and I, therefore, must look to see what causal relationship, if any, there is between the faulty pre-trial representation and the ultimate plea of guilty at trial and appellant's conviction. I find none and I see no failure of due process in light of appellant's persistence in pleading guilty, just as he persisted in confessing.[1] It does not appear that the confession caused appellant to plead guilty at trial. He seems to have been bent on pleading guilty whether or not there was an admissible confession. In fact, to this day he has not personally renounced any of his prior actions in this regard nor has he evinced any displeasure with the representation he received from appointed and individual counsel. For this reason, I am able to find the pleas of guilty provident and concur in affirming the findings and sentence. In doing so, however, I feel it is essential to reiterate the necessity for all counsel to provide their best advice and recommendations to clients after fully investigating the evidence against them. If, after meeting these requirements, it turns out that a confession is the best course to take or the accused persists in confessing against his counsel's advice then a counsel cannot be faulted for his actions. That is not what occurred here, however. For this reason, I cannot join the majority's finding that adequate pre-trial representation was provided appellant prior to his confession. I do concur in the affirmation of the findings and sentence, however, for the reasons stated.

---

1. It appears that appellant was so intent upon confessing that he may very well have done so even if counsel had vigorously opposed that course of action. That, in no way, lessens counsel's responsibilities. It does, however, bear on the effect of counsel's failure to meet his responsibilities.