**Daniel WILLIAMS, Petitioner,**

v.

**William ABSHIRE, Respondent.**

**Civ. A. No. 81–60110.**

United States District Court,
E. D. Michigan, S. D.

June 10, 1982.

---

**6.** The Court's general comments in Part VII(3) of *Alco, supra*, 522 F.Supp. at 934–35, are also appropriate here.

Carl Ziemba, Detroit, Mich., for petitioner.

Eric Eggan, Corrections Div., Lansing, Mich., for respondent.

## MEMORANDUM OPINION

JOINER, District Judge.

Petitioner Daniel Williams, a prisoner at the Riverside Correctional Facility in Ionia, Michigan, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 29, 1977, following a jury trial in Recorder's Court of the City of Detroit, he was convicted of assault with intent to commit murder and was thereafter sentenced to a term of twenty-five years to sixty years imprisonment. The Michigan Court of Appeals affirmed petitioner's conviction in an unpublished per curiam opinion dated December 22, 1980. Docket No. 51289. The Michigan Supreme Court denied leave to appeal on June 30, 1981. Docket No. 66415.

As grounds for habeas relief Petitioner alleges the following:

1. He was denied due process because the trial court rejected his request for an evidentiary hearing on the alleged ineffectiveness of his trial counsel in failing to request a pre-trial evidentiary hearing on the admissibility of identification evidence.

2. He was denied due process because the trial court's preliminary instructions to the jury included the statement that the presumption of innocence "doesn't necessarily mean that he is innocent, but you are dutybound to give him that presumption."

3. He was denied due process because the trial judge erroneously instructed the jury concerning the intent element of the charged offense.

4. He was denied the effective assistance of trial counsel because his trial counsel failed to object to allegedly erroneous jury instructions.

Respondent has filed a Motion to Dismiss pursuant to F.R.Civ.P. 12(b)(6) and an Alternative Motion for Summary Judgment pursuant to F.R.Civ.P. 56(b), arguing that none of Petitioner's claims merit habeas relief.

### I

Petitioner first contends that the trial court's denial of his post-trial motion for an evidentiary hearing on the issue of ineffectiveness of trial counsel violated the Due Process Clause of the Fourteenth Amendment.[1] As a threshold matter, it is questionable whether this argument is even cognizable in a petition for habeas corpus since such a petition must allege "a fundamental defect which inherently results in a miscarriage of justice [or] an omission inconsistent with rudimentary demands of fair procedure." *DeBerry v. Wolff*, 513 F.2d 1336, 1338 (8th Cir. 1975), citing *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Petitioner has cited no authority for the proposition that the denial of a request for an evidentiary hearing on the effectiveness of counsel is in itself a defect of constitutional magnitude warranting collateral attack on his conviction.

---

1. The reasons for the trial court's denial of this request do not appear in the record before this Court. The Michigan Court of Appeals denied Petitioner's motion to remand for an evidentiary hearing on the ineffective assistance of counsel claim, stating: "In view of the fact that the trial court has already passed on the ineffective assistance of counsel assertion it would appear that the appropriate remedy available to the appellant would be to raise this matter as an issue in the pending appeal." *People v. Daniel Williams*, Docket No. 51289, Order dated June 13, 1980.

Assuming *arguendo* that his claim is cognizable, it does not merit habeas relief. The underlying premise of Petitioner's argument—the assertion that his trial counsel's failure to request a pre-trial hearing on allegedly suggestive identification procedures violated Petitioner's Sixth Amendment right to effective assistance of counsel—is without merit.

 The Sixth Amendment requires that counsel provide "reasonably effective assistance." *Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974). This standard is violated where, through his own ineffectiveness or incompetence, defense counsel "deprive[s] a criminal defendant of a substantial defense." *Id.; Wilson v. Cowan*, 578 F.2d 166 (6th Cir. 1978). As explained in *Trombley v. Anderson*, 439 F.Supp. 1250, 1257 (E.D.Mich.1977), aff'd, 584 F.2d 807 (6th Cir. 1978), "There must be a substantial basis to support a claim of prejudice from ineffective assistance of counsel." [2]

Here, Petitioner claims that his trial counsel's failure to request a pre-trial evidentiary hearing on identification procedures impaired his defense in two ways. Neither assertion of prejudice withstands scrutiny.

Petitioner first argues that an evidentiary hearing would have established that photographic identification procedures were conducted in violation of his right to counsel under Michigan law. However, as explained by the Michigan Court of Appeals, Petitioner was not entitled to counsel at the photographic displays because he was neither in custody nor subject to arrest at that time.

Petitioner also contends that the lack of an evidentiary hearing impaired his defense because in-court identifications by two witnesses were the product of impermissibly suggestive photographic displays. This omission did not however, deprive Petitioner of a substantial defense.

 Although he apparently did not file a pre-trial motion to suppress, defense counsel was able to challenge both the admissibility and weight of the identification testimony at trial. At the close of the prosecution's case, defense counsel moved for a directed verdict on the grounds that the complainant's identification testimony had been irreparably tainted by a highly suggestive photographic display conducted in a hospital on the day after the offense. On the basis of the record developed during trial,[3] the court concluded· that the challenged procedure was not unduly suggestive and that the in-court identification was independent of the allegedly tainted photographic display. (Tr. 192–193). Moreover, the defense theory of unreliable identification was extensively presented to the jury[4] by means of cross-examination, closing argument and jury instructions.

 Even if it is assumed that the photographic display was unduly suggestive, admission of the identification testimony at trial did not violate due process because the

---

**2.** While a violation of the Sixth Amendment right to effective assistance of counsel may never be deemed harmless error, *Beasley v. United States, supra*, at 696, prejudice must first be shown to establish a constitutional violation. *See e.g., Salter v. Johnson*, 579 F.2d 1007 (6th Cir. 1978); *United States v. Toney*, 527 F.2d 716, 720 (6th Cir. 1975). *See also Hawkman v. Parratt*, 661 F.2d 1161, 1165 (8th Cir. 1981); *Hines v. Enomoto*, 658 F.2d 667, 675 (9th Cir. 1981).

*People v. Daniel Williams*, Docket No. 51289, slip opinion pp. 2–3.

**3.** Although the trial judge commented, "I don't think we've taken all the testimony that might be germane in this," (Tr. 190), the trial record did provide an adequate basis for decision. That record included the following: (1) a copy

of the photograph of Petitioner used in the displays, (2) testimony of the two witnesses who identified Petitioner and of the principal investigating officer who conducted the displays, and (3) a tape recording of the conversation between the police and the witness during the photographic display at the hospital.

**4.** A state criminal court is not constitutionally required to conduct a hearing out of the presence of the jury whenever a defendant challenges the propriety of identification testimony. *Watkins v. Sowders*, 449 U.S. 341, 101 S.Ct. 654, 66 L.Ed.2d 549 (1981). As the Supreme Court explained, a jury is fully capable of evaluating the reliability of such evidence. *Id.* at 347–349, 101 S.Ct. at 658–659.

existing record clearly established an independent basis for that testimony. *McNary v. Sowders*, 660 F.2d 703, 708–709 (6th Cir. 1981). The trial court specifically found that the complainant had an excellent opportunity to observe Petitioner at the time of the offense and that he gave an accurate description to the police. (Tr. 193). The Michigan Court of Appeals similarly found that there was a sufficient independent basis for the complainant's in-court identification.

Under 28 U.S.C. § 2254(d), these findings by the state courts are presumptively correct where, as here, they are supported by the record and none of the other exceptions enumerated in that statute exist. *Summer v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *McNary v. Sowders, supra*. Since Petitioner has not established by clear and convincing evidence that the state court findings are erroneous, this Court concludes, as did the state courts, that the identification evidence was not so unreliable as to render Petitioner's trial unfair.

■ In view of these circumstances, it is apparent that defense counsel's failure to make a pre-trial motion to suppress that testimony did not deprive Petitioner of a substantial defense. Because the existing record conclusively establishes that Petitioner was not deprived the effective assistance of counsel, the denial of his request for an evidentiary hearing on that issue cannot warrant habeas relief.

## II

Petitioner next argues that he was denied a fair trial because the trial judge made the following statement during his preliminary comments to the prospective jurors:

Now when we say a presumption of innocence, a presumption is something the defendant is entitled to. *It doesn't mean necessarily that he is innocent, but you are dutybound to give him that presumption.* It means the burden of proof is on the prosecution. *Now, we know that some defendants are not innocent of course, but it does mean the people, the prosecution have to go forward with the evidence without any help from the defense side of the table.* He doesn't have to do anything. He is entitled to rely on that presumption. (Tr. 7–8) [Emphasis supplied.]

According to Petitioner, these remarks effectively nullified the presumption of innocence and materially reduced the prosecution's burden of proof.

Defense counsel did not object to the instruction in question. Consequently, on Petitioner's direct appeal, the Michigan Court of Appeals limited its review to a determination of whether the claimed error resulted in manifest injustice. While it expressed concern that the instruction had a slight tendency to associate guilt with the fact of being on trial, the Court of Appeals concluded that manifest injustice had not been shown.

■ Where, as here, failure to comply with a state's contemporaneous objection rule is a substantial basis for the denial of the petitioner's claim on direct appeal, *Hockenbury v. Sowders*, 620 F.2d 111, 115 (6th Cir. 1980), *reh. den.*, 633 F.2d 443 (1980), the procedural default normally precludes federal habeas corpus review, absent a showing of cause and prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Under the circumstances of the present case however, it is unnecessary to decide whether cause and prejudice exist.

■ Assuming *arguendo* that review is not precluded by *Wainwright v. Sykes, supra*, Petitioner's second claim does not merit habeas relief. Alleged errors in jury instructions are grounds for such relief only if they so infect the entire trial that the resulting conviction violates due process. *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977).

■ While open to criticism, the challenged portion of the jury instructions was not an error of constitutional magnitude. The trial court elsewhere properly instructed the jury concerning the presumption of

innocence (Tr. 249–250), the prosecution's burden of proof (Tr. 8–9, 12, 250–251), and the Petitioner's right not to testify (Tr. 251–252). Viewed as a whole, *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973), the court's instructions did not violate due process.

### III

It is next argued that the trial judge denied Petitioner a fair trial by erroneously instructing the jury concerning intent required for conviction of assault with intent to murder. Specifically, Petitioner claims that the court negated the element of specific intent by instructing that "malice" means either an intent to kill or the conscious creation of a very high risk of death with knowledge of the probable consequences of the act. (Tr. 13, 259–260, 261–262).

 Although there was no objection to this instruction at trial, the Michigan Court of Appeals reviewed the merits of the claim on direct appeal and concluded that the instruction was a proper statement of Michigan law. Since Petitioner's procedural default did not bar review in state court, it does not preclude review in the present action. *Hockenbury v. Sowders, supra.*

However, Petitioner's argument fails, on three grounds, to warrant habeas relief. First, Petitioner has not established that the instruction inaccurately stated the elements of the offense under Michigan law. Furthermore, the trial court did instruct the jury that specific intent to kill was required for conviction of the charged offense. (Tr. 260). Finally, any error in the challenged instruction was harmless beyond a reasonable doubt. The sole theory of the defense was misidentification, and thus, intent was not a significant issue at trial. Undisputed evidence that the assailant fired a gun directly at the victims face, from a distance of about three feet (Tr. ZF 10), amply supported an inference by the jury of a specific intent to kill.

### IV

Petitioner's final argument is that he was denied the effective assistance of counsel because his trial attorney failed to object to the allegedly erroneous jury instructions discussed in issues II and III, *supra*. This claim is also without merit. As noted above, neither of the instructions at issue resulted in significant prejudice to Petitioner. Moreover, determination of Petitioner's Sixth Amendment claim turns on an evaluation of the entire trial record rather than particular errors or omissions by counsel. *United States v. Yelardy*, 567 F.2d 863, 865 (6th Cir. 1978). Viewed as a whole, defense counsel's performance did not violate the constitutional standard of "reasonably effective assistance," *Beasley v. United States, supra.*

For the foregoing reasons, Petitioner's application for a writ of habeas corpus must be denied. An appropriate order may issue.