UNITED STATES, Appellee,

v.

**Staff Sergeant Marion A. KOONCE, SSN 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, United States Army, Appellant.**

**SPCM 17184.**

U. S. Army Court of Military Review.

15 June 1983.

Captain Edmund S. Bloom, Jr., JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Major Raymond C. Ruppert, JAGC, Major Lawrence F. Klar, JAGC, and Captain Joseph A. Russelburg, JAGC.

Major Joseph A. Rehyansky, JAGC, argued the cause for the appellee. With him on the brief were Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain David H. Johnson, JAGC.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Contrary to his pleas, the appellant was convicted of being disrespectful to and striking a commissioned officer, in violation of Articles 89 and 90, Uniform Code of Military Justice, 10 U.S.C. §§ 889 and 890 (1976). The convening authority approved the adjudged sentence of a bad-conduct discharge and reduction to the grade of Private E–1.

The appellant asserts that he was denied effective assistance of counsel, he was improperly denied a personal post-trial interview with the convening authority, and the military judge improperly restricted his right to present matter in mitigation prior to sentencing. For the reasons set forth below, we find these assigned errors without merit.

The appellant was a supply sergeant in charge of a unit supply room. An officer of his unit, First Lieutenant (1LT) Jacoby, conducted an investigation into the disappearance of certain property from the supply room and determined that the appellant was responsible and should be held pecuniarily liable for the loss. In accordance with established administrative procedures, he went to the supply room where he personally informed the appellant of his findings and recommendations and of his right to appeal from them. He requested the appellant to sign a statement acknowledging

that he was so notified. The appellant apparently misunderstood the lieutenant, believing instead that his signature would be an admission of liability. He refused to sign the proffered statement. After 1LT Jacoby reported the matter to his superiors and was told by them to repeat the procedure, he returned to the supply room where he again requested the appellant's signature. The appellant responded with a burst of profanity and by striking the lieutenant. On the advice of his counsel, the appellant did not testify on the merits. He did make an unsworn statement before sentencing, which he now complains was inadequate to properly present his version of the incident.

## I.

The appellant claims he was misinformed by his counsel as to his testimonial rights. In a post-trial affidavit he states, "I could not testify on my behalf, which I was informed by my attorney that I could do so, yet it was not allowed to exercise the real truth about the situation. I feel everything was exercised was negative, nothing to support the truth of my innocence." The trial defense counsel responded with his own affidavit, in which he states that he explained to the appellant his right to testify on the merits but advised against it because members of his chain of command would testify he was unworthy of belief, and his testimony would conflict with other evidence. The affidavit also states the "final decision to accept or reject my advice was made by [the appellant] personally."

 The decision whether to testify belongs to the accused. Standards for Criminal Justice § 4–5.2 (2d edition 1980); *United States v. Jones*, 14 M.J. 700, 702 (N.M.C.M.R.1982). However, if the appellant claims his counsel misinformed him concerning his testimonial rights, he raises the question of the effectiveness of his counsel's representation. *United States v. Small*, 48 C.M.R. 170, 172 (A.F.C.M.R.1974); see *United States v. Hurt*, 9 U.S.C.M.A. 735, 787, 27 C.M.R. 3, 55 (1958); *United States v. Brickey*, 8 M.J. 757, 762 n. 7 (A.C.M.R.1980). To substantiate such a claim the appellant has

the burden of establishing that he was misinformed of his rights. *United States v. Dicupe*, 14 M.J. 915, 918 (A.F.C.M.R.1982); *United States v. Zuis*, 49 C.M.R. 150, 158 (A.C.M.R.1974). We find that the appellant has failed to sustain this burden. Furthermore, we find that the trial defense counsel's advice was tactically sound and will not substitute our judgment for his. *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977); *United States v. Gholston*, 15 M.J. 582, 584 (A.C.M.R.), *pet. denied,* —— M.J. —— (C.M.A. 16 May 1983).

## II

 The appellant contends that "the convening authority abused his discretion by denying [him] the opportunity to discuss with him matters concerning the review of [his] court-martial." In particular, he states in his post-trial affidavit that "I was advised by the DISCOM CSM [the acting division command sergeant major] my right to see [the convening authority] concerning the case reasons [sic] where the CSM said that the General's attorney advised him not to talk to me until the case was over." In the first place, an accused does not have the right to personally discuss the merits of his trial with the convening authority. *See United States v. Lanford*, 6 U.S.C.M.A. 371, 381, 20 C.M.R. 87, 97 (1955); *see also* Article 38(c), Uniform Code of Military Justice, 10 U.S.C. § 838(c) (1976); *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). Secondly, we have considered the post-trial affidavits of the staff judge advocate and the DISCOM command sergeant major and find that the appellant's allegations are unworthy of belief. The staff judge advocate states he did not advise either the convening authority or the sergeant major regarding a request by the appellant for an audience with the convening authority. The sergeant major says that the appellant asked to see the convening authority in order to discuss his case with him but told him that the convening authority would be reluctant to see the appellant at that time as the convening authority had not yet received or read the record of the appellant's trial. The ser-

geant major emphasized that he did not tell the appellant that he could not ever speak to the convening authority about his case.

### III

We also disagree with the appellant's assertion that the military judge improperly restrained him from presenting legitimate matters on sentencing. After the findings were announced, the military judge informed the appellant of his allocution rights pursuant to paragraph 53*h* of the Manual for Courts-Martial, United States, 1969 (Revised edition), and determined the appellant would make an unsworn statement with the assistance of counsel. The military judge and the trial defense counsel then engaged in the following colloquy:

MJ: Mr. Cohen, will the accused be addressing himself in the unsworn statement to matters that the jury deliberated on on the merits?

IDC: Yes, Your Honor. It was the accused's desire to be able to, at least in the sentencing phase, based upon the tactical decision that I made earlier, express to the members of the court his recollection of what occurred.

MJ: Well, counsel, when the—unless you can show me law that would allow you to do that, it it [sic] my understanding that when the accused does not take the stand on the merits, he cannot later come up and testify on E and M concerning those matters.

IDC: Your Honor, I am not aware— which doesn't mean that—I am not aware of that being the case. I have not been prevented from allowing an accused to express his recollection of events before.

MJ: Well, I will not allow the accused to make reference to facts adverse to the findings of the court when he has elected to remain silent on the merits concerning those facts.

While appellant was making his unsworn statement, his counsel told him, "[W]e are not going to discuss the offense now because we can't do that...." The appellant was not asked, nor did he relate, the circumstances directly surrounding the com-

mission of the offenses. However, he did tell the court about another incident involving 1LT Jacoby in which the latter allegedly ridiculed the appellant and threatened to ruin his career. Additionally, at the conclusion of his statement, he said, without elaboration, that he had not assaulted the lieutenant.

▮ A convicted accused has an absolute right to make either a sworn or an unsworn statement or to remain silent before sentencing. Manual for Courts-Martial, United States, 1969 (Revised edition) (change 3, effective 1 September 1980), paragraph 75*c* (2); *United States v. Welch,* 1 M.J. 1201 (A.F.C.M.R.1976); *see United States v. Allen,* 20 C.M.R. 676 (A.F.B.R.1955). However, regardless of whether he testified on the merits, an accused may not challenge the findings of the court on sentencing. *United States v. Tobita,* 3 U.S.C.M.A. 267, 12 C.M.R. 23 (1953); *United States v. Brown,* 13 M.J. 890 (A.C.M.R.1982); *see United States v. Teeter,* 12 M.J. 716, 727 (A.C.M.R.1981), *pet. granted,* 13 M.J. 117 (C.M.A.1982). Rather, he is limited to presenting evidence that is "designed only to ameliorate his punishment." *United States v. Stivers,* 12 U.S.C.M.A. 315, 317, 30 C.M.R. 315, 317 (1961).

▮ In this case the military judge's statement that an accused who remains silent on the merits "cannot later come up and testify on E and M [extenuation and mitigation] concerning those matters," was overly broad and potentially misleading. Standing alone it could be interpreted as precluding any evidence of extenuating or mitigating circumstances. However, the statement was immediately clarified and limited by the military judge's ruling that he would not "allow the accused to make reference to facts adverse to the findings of the court when he has elected to remain silent on the merits concerning those facts." Considered as a whole, the military judge's remarks correctly state the limits on evidence in extenuation and mitigation.

Whether the individual defense counsel misunderstood the military judge's ruling

and interpreted it too restrictively need not detain us, because we are satisfied that the appellant presented all available and admissible mitigating and extenuating evidence. The appellant described his military training, assignments, awards and decorations. He described his previous difficulties with Captain Camp, the appellant's company commander, and Lieutenant Jacoby. He testified that both Captain Camp and Lieutenant Jacoby previously had ridiculed him and threatened to ruin his career. He described how he was placed in the demeaning position of working for soldiers of lower rank and grade. He testified that Captain Camp frequently made racial remarks. He stated that because he was black he was required to perform duties inappropriate for his grade. Lastly, in spite of the military judge's ruling, he denied hitting Lieutenant Jacoby. We cannot imagine any other matters which the appellant could have presented which would have been relevant and admissible. Accordingly, we find no possibility of prejudice arising from the military judge's ruling or the individual defense counsel's interpretation of that ruling.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge FOREMAN concur.