UNITED STATES, Appellee,

v.

Specialist Five Thomas J. BOWIE, Jr., SSN 424–66–7891, United States Army, Appellant.

SPCM 17937.

U.S. Army Court of Military Review.

30 Jan. 1984.

---

Captain Michael D. Graham, JAGC, argued the cause for the appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, and Lieutenant Colonel Paul J. Luedtke, JAGC.

Captain David A. Brown, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, and Captain Jessica A. Polley, JAGC.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Contrary to his pleas, the appellant was convicted of two specifications each of being disrespectful to and disobeying the order of a noncommissioned officer, and one specification of being disrespectful to a superior commissioned officer, in violation of Articles 91 and 89, Uniform Code of Military Justice, 10 U.S.C. §§ 891 and 889. His sentence to a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $367.00 pay per month for four months, and reduction to Private E–1 was approved by the convening authority.

The appellant contends, *inter alia,* he was denied effective assistance of counsel; the military judge erred by denying his motion for a continuance; and the post-trial review is prejudicially inaccurate. We affirm.

The offenses occurred in the Federal Republic of Germany and arose out of two separate incidents which were the result of the appellant's resentment of his superiors' decision to relieve him of certain leadership responsibilities and their order that he work for a person of a lower grade. On 11 December 1981, the initial Article 39(a)[1] session of the appellant's trial was held and attended by him and his detailed defense counsel, Captains Coyne and Irish. After the appellant was informed of his rights to

---

1. Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a).

counsel, he requested that a Captain Richard Boone, U.S. Army, be made available to defend him. After learning that Captain Boone was not an attorney, the military judge, citing paragraphs 48 *a* and 61 *f* of the Manual for Courts-Martial, United States, 1969 (Revised edition), correctly ruled that Boone was not qualified to represent the appellant. *See United States v. Kraskouskas,* 9 U.S.C.M.A. 607, 26 C.M.R. 387 (1958). The appellant then told the military judge he wanted to retain civilian counsel, and was granted a continuance until 28 January 1982.

In the interim, the appellant relieved Captain Irish as his counsel, and told Captain Coyne he did not want to employ his services either. A Captain Pretzer was made available to serve as the appellant's individual military counsel and an additional delay of several weeks was granted so he could prepare for the trial. The appellant also continued his efforts to retain civilian counsel.

On 16 February 1982, the appellant appeared at an Article 39(a) session with Captains Pretzer and Coyne and informed the military judge he was dissatisfied with their efforts on his behalf by stating,

> The reason, sir, I don't feel that my case have [sic] been well prepared for the reason being that there are witnesses stateside that are not here. There are witnesses still here in Germany at least two I know of for a fact that have not been talked to by the defense.

Captain Pretzer replied he had interviewed all the witnesses named by the appellant except a few he had unsuccessfully attempted to locate that had returned to the United States. Captain Pretzer revealed he had been relieved by the appellant four days earlier over a conflict of strategy. Captain Coyne then introduced two documents signed by the appellant releasing him and Captain Irish as his attorneys.

The military judge asked if counsel were ready to proceed with the trial; Captain Pretzer replied affirmatively, but Captain Coyne responded, "No," noting that the appellant had refused to discuss the merits of the case with him.

The military judge then asked the appellant,

> MJ  Now you indicated or your counsel indicated for you that you wanted to seek a continuance to hire another civilian attorney. Is that right?
>
> ACC  Yes, Sir.
>
> MJ  Who is that civilian attorney?
>
> ACC  It was from the Bellen firm or the Carter firm or one of the other firm [sic]. I haven't had time to really find just who but one of the firms.
>
> MJ  Have you talked to anybody with any of those firms?
>
> ACC  No, Sir. Only on a tape recorder, couldn't catch up with no one at the office or home, his home.

The military judge denied the motion for a continuance and the trial proceeded with the appellant represented throughout by Captains Pretzer and Coyne. The defense called only one witness, the appellant. During the appellant's testimony on the merits, he revealed, to the chagrin of his counsel, that a year before he had been convicted by a special court-martial. Captain Coyne had reviewed the appellant's earlier trial and conviction pursuant to Article 65(c), Uniform Code of Military Justice, 10 U.S.C. § 865(c), and had signed its promulgating order. Before sentencing, that promulgating order was admitted into evidence without objection.

### I. *Adequacy of Counsel*

At a special or general court-martial the accused is entitled to "reasonably competent counsel who exercises that competence in his client's behalf throughout the trial." *United States v. Jefferson,* 13 M.J. 1, 5 (C.M.A.1982) (citations omitted). *United States v. Rivas,* 3 M.J. 282 (C.M.A.1977). To prevail on a claim of ineffective assistance of counsel, an appellant must first prove that his attorney failed to perform with the degree of skill and diligence with which a competent attorney would perform under similar circumstances. *United States v. Koonce,* 16 M.J. 660, 662 (A.C.M.R.1983),

and cases cited therein. Secondly, the appellant must establish that he was materially prejudiced in the defense of his case by his counsel's incompetence. *United States v. Black,* 16 M.J. 507, 509 (A.F.C.M.R.1983); *United States v. Owens,* 12 M.J. 817, 819 (N.M.C.M.R.1981), *pet. denied,* 13 M.J. 220 (C.M.A.1982). *See generally Armstead v. Maggio,* 720 F.2d 894 (5th Cir.1983); *United States v. French,* 719 F.2d 387, 389 (11th Cir.1983); *Knott v. Mabry,* 671 F.2d 1208, 1210 (8th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 115, 74 L.Ed.2d 101 (1982); *United States v. DeRosa,* 670 F.2d 889, 896 (9th Cir.1982); *Nevels v. Parratt,* 596 F.2d 344 (8th Cir.1979). The appellant has failed on both counts.

### A. *Captain Pretzer*

The appellant attacks Captain Pretzer's performance on several grounds. First, he baldly asserts that Captain Pretzer inadequately investigated his case by failing to interview witnesses who allegedly would have testified that his supervisory sergeants had subjected him to abusive treatment, thereby forfeiting the special privilege of respect which Article 91 of the Code confers upon noncommissioned officers. *See, e.g., United States v. Cheeks,* 43 C.M.R. 1013, 1016 (A.F.C.M.R.1971). Obviously, "representation involves more than the courtroom conduct of the advocate. The exercise of the utmost skill during the trial is not enough if counsel has neglected the necessary investigation and preparation of the case or failed to interview essential witnesses *or to arrange for their attendance."* *Moore v. United States,* 432 F.2d 730, 739 (3d Cir.1970) (footnote omitted). *United States v. Dupas,* 17 M.J. 689 (A.C.M.R.1983); *Gaines v. Hopper,* 575 F.2d 1147 (5th Cir. 1978); *see Baty v. Balkcom,* 661 F.2d 391 (5th Cir.1981), *cert. denied,* 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982). However, the appellant's contention fails because he has not proven who was not interviewed nor produced any matter which establishes they would have provided relevant, beneficial evidence. *United States v. McMillan,* 606 F.2d 245 (8th Cir.1979) (even if counsel improperly neglected to interview

witnesses whose names were furnished by defendant, appeal rendered unsuccessful by failure to show prejudice; *cf. Langston v. Wyrick,* 698 F.2d 926, 932 (8th Cir.1982) (counsel was not ineffective by failing to interview a witness whose testimony he had no reason to believe would be useful or helpful). Moreover, Captain Pretzer, in a post-trial affidavit, states he interviewed as many of the persons named by the appellant as he could find and all of them would have testified favorably for the Government. *See United States v. DeCoster,* 624 F.2d 196, 209 (D.C.Cir.1976) (en banc) (duty to investigate must be considered in light of information supplied to him by his client).

■ The appellant also claims that Captain Pretzer was ineffective by failing to call certain witnesses on his behalf. We disagree. The decision "on what witnesses to call, ... and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with the client." *Standards for Criminal Justice* § 4–5.2(b) (2d ed. 1980). *United States v. Combest,* 14 M.J. 927, 932 (A.C.M.R.1982); *United States v. Jones,* 14 M.J. 700 (N.M.C. M.R.1982); *United States v. Long,* 674 F.2d 848 (11th Cir.1982); *see also Eldridge v. Atkins,* 665 F.2d 228, 236 n. 5 (8th Cir.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 168 (1982) (counsel could not call alibi witness if he reasonably believed witness would not help client); *United States v. Miller,* 643 F.2d 713 (10th Cir.1981). *See generally United States v. Zylstra,* 713 F.2d 1332, 1338–39 (7th Cir.1983). As we have said numerous times, we will not second guess a defense counsel's tactical decisions merely because they were unsuccessful. *See, e.g., United States v. Koonce, supra; United States v. Gholston,* 15 M.J. 582, 584 (A.C.M.R.), *pet. denied,* 16 M.J. 125 (C.M.A. 1983). *See also United States v. Rivas, supra; Ford v. Strickland,* 676 F.2d 434 (11th Cir.1982), *cert. denied,* —— U.S. ——, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983); *United States v. Mayo,* 646 F.2d 369 (9th Cir.), *cert. denied sub nom., Dondich v. United States,* 454 U.S. 1127, 102 S.Ct. 979, 71 L.Ed.2d 115 (1981); *Beckham v. Wainwright,* 639 F.2d

262, 265 (5th Cir.1981); *United States v. Kearney,* 560 F.2d 1358, 1368 (9th Cir.), *cert. denied,* 434 U.S. 971, 98 S.Ct. 522, 54 L.Ed.2d 460 (1977).

### B. *Captain Coyne*

The appellant's contention that he was unfairly prejudiced by Captain Coyne's continued representation of him after Captain Coyne admitted he was not ready to proceed to trial is without merit. Captain Coyne's lack of preparation was the product of the appellant's refusal to cooperate with him. *Cf. United States v. Roberts,* 14 M.J. 584, 587 (N.M.C.M.R.1982) ("where an accused's unauthorized absence hinders his defense counsel in adequately representing him, he will not be heard to complain"). While we are somewhat baffled by the military judge's refusal to excuse Captain Coyne as the appellant's counsel under these circumstances, any error was nonprejudicial since Coyne did not act adversely to the appellant's interests and did little more than sit at the counsel's table during the trial. Moreover, Captain Pretzer provided the appellant with a vigorous, effective defense. *See United States v. Urbina,* 14 M.J. 962, 966 (A.C.M.R.1982) ("competency of counsel must be measured by the combined efforts of the defense team").

The appellant also alleges that he is "distressed" that Captain Coyne did not disclose to him that he had a conflict of interest, i.e., that Captain Coyne had performed the supervisory review of his trial and conviction by a special court-martial a year earlier. Captain Coyne disputes the appellant's charge and says he informed the appellant of this matter before the trial on two occasions. Regardless, we find no prejudice since Captain Coyne was only nominally the appellant's counsel; the appellant was competently represented by another attorney; the record does not reveal anything which indicates the promulgating order was inadmissible; and the appellant had revealed the existence of his conviction during his testimony on the merits, contrary to the advice of his counsel. However, Captain Coyne should have disclosed this information in open court so the factual dispute we now face could have been avoided. Furthermore, the military judge should have inquired into the matter when the promulgating order, with Captain Coyne's signature plainly evident, was offered into evidence. *Cf. United States v. Taylor,* 13 M.J. 740 (A.C.M.R.1982).

One other matter warrants discussion. The appellant impliedly asserts that the military judge erred by compelling him to accept counsel he did not want. We do not agree. When the trial reconvened on 16 February 1982, the appellant's options regarding counsel were limited. Although granted ample opportunity to retain civilian counsel, he had not done so. He also had been detailed two defense counsel and assigned an individual military counsel. Article 38(b), Uniform Code of Military Justice, 10 U.S.C. § 838(b), affords an accused the right to only one military attorney of his choice. *United States v. Kilby,* 3 M.J. 938, 943 (N.C.M.R.), *pet. denied,* 4 M.J. 139 (C.M.A.1977). Moreover, in light of the delays generated by the appellant, we do not believe the military judge would have abused his discretion by denying the appellant an additional continuance to obtain substitute counsel if Captains Pretzer and Coyne had been relieved from representing him. *United States v. Montoya,* 13 M.J. 268, 274 (C.M.A.1982). In short, the appellant was left with the choice of proceeding to trial with either or both Captains Coyne and Pretzer or by himself. Since the appellant did not request to represent himself,[2] we find no error. Regardless, in light of Captain Pretzer's vigorous defense of the appellant and the overwhelming evidence of guilt, we find no prejudice. *United States v. Jordan,* 22 U.S.C.M.A. 164, 165–66, 46 C.M.R. 164, 165–66 (1973).

2. Although the military judge was not obliged to inform the appellant of his right to represent himself, *United States v. Tomberlin,* 5 M.J. 790 (A.C.M.R.1978); *United States v. Stoutmire,* 5 M.J. 724 (A.C.M.R.1978), we believe it would have been wise of the military judge to have so advised the appellant, and to have told him of his limited choice of counsel.

## II. *Denial of Motion for a Continuance*

 The appellant contends the military judge abused his discretion by denying his motion for a continuance thereby depriving him of his right to civilian counsel. During the initial Article 39(a) session on 11 December 1981, the appellant was granted a continuance of seven weeks. Moreover, after the military judge granted the continuance and determined that the appellant was not subject to any pretrial restraints, he warned the appellant,

> And I want to point out to you further that you cannot thwart or stop the process of the courts-martial [sic] from going on simply by not having a lawyer. I'm affording you opportunity to obtain a civilian counsel, and should you not obtain a civilian counsel, the court will proceed, whether you like it or not, with your detailed defense counsel defending you. Do you understand?
>
> ACC: I understand, sir.
>
> MJ: Any questions?
>
> ACC: No, sir.
>
> MJ: Does that give you fair time to do what you want to do?
>
> ACC: Yes, sir.

When the trial reconvened more than two months later, the appellant had not hired a civilian attorney and was unable to name the law firm or attorney he wished to retain. Moreover, the Government had brought several witnesses from the United States who were standing by, ready to testify. Under these circumstances, the military judge did not abuse his discretion by denying the appellant's motion for a continuance. *United States v. Jordan,* 22 U.S.C. M.A. at 167, 46 C.M.R. at 167; *United States v. Kinard,* 21 U.S.C.M.A. 300, 45 C.M.R. 74 (1972); *United States v. Brown,* 10 M.J. 635 (A.C.M.R.1980); *United States v. Lewis,* 8 M.J. 838 (A.C.M.R.1980); *see United States v. Johnson,* 12 M.J. 670 (A.C. M.R.1981), *pet. denied,* 13 M.J. 112 (C.M.A. 1982).

### III. *The Post-Trial Review*

 The staff judge advocate's post-trial review inaccurately advised the convening authority that the appellant's entire chain of command had recommended trial by a special court-martial empowered to adjudge a bad-conduct discharge when his company and battalion commanders had recommended trial by a special court-martial without such power. The trial defense counsel did not note the error in his rebuttal to the review. Applying the rule of waiver will not result in a "manifest miscarriage of justice." *United States v. Myhrberg,* 2 M.J. 534, 537 n. 10 (A.C.M.R. 1976) (en banc). *See United States v. Johnson,* 8 M.J. 634 (A.C.M.R.1979). Accordingly, we find the assigned error without merit.

The remaining assignments of error are also without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge MOUNTS and Judge YAWN concur.