946

UNITED STATES, Appellee,

v.

Private First Class Michael D.
KELLEY, 268–64–4444, United
States Army, Appellant.

SPCM 20074.

U.S. Army Court of Military Review.

21 Feb. 1985.

Major Lawrence F. Klar, JAGC, and Captain Melvin F. Fortes, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Patrick M. Flachs, JAGC, and Captain Tarek Sawi, JAGC, were on the pleadings for appellee.

Before MARDEN, PAULEY and WERNER, Appellate Military Judges.

OPINION OF THE COURT

MARDEN, Senior Judge.

Appellant was convicted, contrary to his pleas, of distributing marijuana in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (1982). He was sentenced to a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $380.00 pay per month for four months, and reduction to the grade of E–1.

The Government proved that a confidential informant (CI) identified one Private J. as a drug trafficker and subsequently set up a controlled drug purchase from him on 2 June 1983. On that date the informant and a military police investigator went over to Private J's car where the CI introduced the investigator to Private J. The investigator sought to purchase one ounce of

marijuana from Private J, who replied he did not have the marijuana with him and that he would have to get it from his friend. Private J then drove off and returned approximately ten minutes later with appellant in his car; the CI and investigator got in the car and discussed the sale. Subsequently the CI and Private J got out of the car and walked away while the investigator and appellant went to the trunk of Private J's car where appellant retrieved a brown paper bag containing several plastic bags of marijuana. Appellant and the investigator then got back into the car where the sale was completed. During this period of time appellant rolled a marijuana cigarette in a very competent manner and affirmatively responded to the investigator's query that he would have more marijuana around the 15th of June.

Appellant, in an affidavit sworn to more than eleven months after trial, alleges that he gave his trial defense counsel information that one Specialist Four (SP4) F would testify that the CI in this case approached SP4 F on 2 June 1983 and that the CI wanted to trade a sandwich bag of marijuana for SP4 F's knife. Additionally, SP4 F would state that the CI opened the trunk of his car and produced five bags of marijuana. Trial defense counsel, in a counter-affidavit, indicates that appellant told him that SP4 F saw the CI in possession of drugs several months before 2 June 1983 and that the CI had in the past offered to sell or give SP4 F marijuana. Counsel further avers he indicated such testimony would be of little or no value in the case as he saw it and that he told appellant to let him know immediately if appellant learned of other witnesses or heard anything linking the CI to drugs during a time near 2 June 1983.

Appellant, based on his version of the facts, alleges inadequacy of counsel. That contention is easily disposed of by our adoption of the facts as stated in trial defense counsel's affidavit. Nevertheless, the question remains whether the trial de-fense counsel should have sought out and interviewed SP4 F in any event.

The right of a military accused to the effective assistance of counsel is well-established. *United States v. Jefferson*, 13 M.J. 1 (C.M.A.1982); *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977). In *United States v. Jefferson, supra,* the Court of Military Appeals adopted the general guidelines set forth in *United States v. DeCoster*, 624 F.2d 196 (D.C.Cir.1979) (en banc), in regard to a claim of ineffective assistance of counsel. To prevail, an appellant must demonstrate serious incompetency on the part of his attorney and that such inadequacy affected the trial result. *Accord United States v. Wheeler*, 18 M.J. 823 (A.C.M.R.1984); *United States v. Bowie*, 17 M.J. 821 (A.C.M.R.), *pet. granted*, 18 M.J. 296 (C.M.A.1984), and cases cited therein. Judge Werner, writing for the Court in *United States v. Bowie, supra,* remarks, "The exercise of the utmost skill during the trial is not enough if counsel has neglected the necessary investigation and preparation of the case or failed to interview essential witnesses or arrange for their attendance." (citations omitted.) *Id.* at 824. However, perfect representation is not required, *United States v. Watson*, 15 M.J. 784 (A.C.M.R.1983), and appellate courts should not play Monday morning quarterback with the decisions of the trial defense counsel. *Id.* at 786. *See also, United States v. Gholston*, 15 M.J. 582 (A.C.M.R.), *pet. denied*, 16 M.J. 125 (C.M.A.1983). We recognize that, in a particular case, an attorney's professional judgment may lead him or her to decline to interview a certain witness or witnesses and to rely on other sources of information. *Cooley v. Nix*, 738 F.2d 345 (8th Cir.1984). Counsel is not ineffective by failing to interview a witness whose testimony he had no reason to believe useful or helpful. *Langston v. Wyrick*, 698 F.2d 926, 932 (8th Cir.1982); *Eldridge v. Atkins*, 665 F.2d 228 (8th Cir. 1981), *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 168 (1982). Such an exercise of professional judgment will be given the same deference as any other. *See*

*Thomas v. Wyrick,* 535 F.2d 407, 413 (8th Cir.), *cert. denied,* 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976).

■ In this case, trial defense counsel's decision to rely on appellant's summary of SP4 F's testimony was a reasonable exercise of professional judgment. Accordingly, we find the assignment of error without merit.[1]

Accordingly, the findings of guilty and the sentence are affirmed.

Judge PAULEY and Judge WERNER concur.

1. We are not unmindful of the possibility of concocted testimony on the part of SP4 F (and perhaps others) as we note SP4 F's increasingly keener memory of the date when he saw the CI in possession of marijuana. However, we need not decide if that did, in fact, occur in this case.