UNITED STATES

v.

**Christopher A. KURZ, Fireman, U.S. Coast Guard.**

**CGCMS 23793.
Docket No. 875.**

U.S. Coast Guard Court of Military Review.

16 April 1985.

Trial Counsel: LCDR Robert G. Blythe, USCG.

Defense Counsel: LT Dave L. Brandon, USCG.

Appellate Defense Counsel: LT Keith M. Harrison, USCGR.

Appellate Government Counsel: LCDR Thomas J. Donlon, USCG.

## DECISION

BAUM, Chief Judge:

Appellate Defense counsel has submitted this case without specific assignment of error but urges that the bad conduct discharge is inappropriately severe. We have examined the record of trial and have concluded that the findings and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant was committed.

We have specifically considered the appropriateness of the sentence awarded in this case for an unauthorized absence in excess of seven months. We find the sentence is appropriate for the offense and the accused, giving due weight to all matters of record both in aggravation and extenuation and mitigation. Furthermore, we expressly find from the record of trial and the stipulation filed with this court that trial defense counsel was, in fact, the individual military counsel requested by the accused and that, as requested counsel, he provided effective representation.

Prior to trial, defense counsel submitted three written motions on behalf of his client, requests for discovery and a

bill of particulars and a motion *in limine*, all of which produced results favorable to the accused. Proceeding to trial on a charge of desertion, trial defense counsel successfully limited the finding of guilty to the lesser included offense of unauthorized absence. Thereafter, in the face of this conviction for more than seven months unauthorized absence, along with a previous conviction for four months absence, trial defense counsel mounted a strong and persuasive case in extenuation and mitigation, resulting in a sentence that included only two months confinement and no forfeiture of pay, in conjunction with the punitive discharge and reduction. By any standard, trial defense counsel's representation of the accused must be considered effective. Moreover, it meets in all respects the judicial tests set forth in *U.S. v. Jefferson*, 13 M.J. 1 (C.M.A.1982). Accordingly, we believe any inference that may be drawn from the two dissents that would characterize trial defense counsel's performance as something less than adequate would be unwarranted. Moreover, we expressly reject the view in one of the dissents that admission in evidence of a service record entry relating to the accused's referral to a counseling center for evaluation of a drug abuse problem, based on reports of observed marijuana use, constituted plain error or the implications in both dissents that defense counsel was somehow remiss in not objecting to this exhibit. Assuming, without deciding, that there may have been some basis for defense to object to this entry, it appears that it was more consistent with the thrust of his case in extenuation and mitigation not to object. In any event, it ill behooves us at this stage to be second guessing defense counsel in this regard. In the words of *U.S. v. Kelley*, 19 M.J. 946, 947 C.M.R. (A.C.M.R.1985): "appellate courts should not play Monday morning quarterback with the decisions of the trial defense counsel."

The findings and sentence as approved on review below are affirmed.

Judges BURGESS and BRIDGMAN concur.

HOLLAND, Judge, (dissenting):

I dissent. In my view, the military judge erred in this case by failing to fully advise the accused of all of his rights to counsel, as required by *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), and by admitting inordinately prejudicial evidence of alleged prior misconduct into the record.

The convening order in this case describes the accused's military counsel as detailed military counsel. Yet the military judge characterized him, without any explanation on the record, as individual military counsel when he advised the accused of his rights to counsel, and there is no evidence in the record, other than counsel's silent acquiescence, to support that characterization as being correct. More importantly, there is no indication in the record that the accused had an understanding of what the term "individual military counsel" connotes.

This is precisely the uncertainty that the United States Court of Military Appeals sought to eliminate when it instituted the *United States v. Donohew* requirement that the record contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), 10 U.S.C. § 838(b) of the Uniform Code of Military Justice, as well as his understanding of his entitlement thereunder.

After being advised of his right to employ civilian counsel at his own expense, the accused did respond in the affirmative to the military judge's question as to whether he wished to proceed to trial represented by the military counsel who was with him and by no one else, but the context in which the question was asked gives no assurance that the accused understood that he had the right to be represented free of charge by any military lawyer of his selection if that military lawyer was determined by his or her superiors to be reasonably available.

This would be prejudicial error if the accused was not in fact represented by

individual military counsel. At the very least, the record should be returned to the Judge Advocate General of the Coast Guard for a hearing, pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), to determine if that right had been exercised. Because of the following additional error, however, I would disapprove the sentence as well.

I am troubled by the failure of defense counsel to object to the admission of a document from the accused's service record characterizing the accused as a drug abuser on the basis of hearsay. The document was introduced by the Government in aggravation of the offense of which the accused was convicted and read as follows:

"SR KURZ has been identified by personnel considered to be reliable as a drug abuser. He has been observed on numerous occasions smoking marijuana. These violations are documented in this manner as the details of time and date could not be recalled to provide sufficient basis for court-martial or NJP.

SR KURZ has been referred to the Naval Counseling and Assistance Center for evaluation of his drug abuse problem."

In my view, it was clearly prejudicial error for the military judge to admit this document into evidence notwithstanding the broad discretion that was granted to him by paragraph 75(d) of the Manual for Courts-Martial 1969. Under the circumstances of the case, moreover, defense counsel's failure to object to this evidence of alleged prior misconduct was plain error within the meaning of Military Rule of Evidence 103(d) and did not waive the issue on appeal. *Cf. U.S. v. Bolden*, 16 M.J. 722 (A.F.C.M.R.1983).

REINING, Judge, (dissenting):

I dissent. In the convening order in this case the officer who served as the accused's defense counsel is named as "DEFENSE COUNSEL" yet throughout the record he is referred to as the "INDIVIDUAL MILITARY COUNSEL". At no point during the trial did the military judge inquire into defense counsel's actual status.

Further in advising the accused of his rights to counsel under Article 38(b), UCMJ, the military judge only advised the accused of his right to have a civilian counsel in addition to a military counsel. The military judge did not fully advise the accused of all of his rights to counsel as required by *United States v. Donohew*, 18 U.S.C.M.A. 149, 152, 39 C.M.R. 149, 152 (1969). The Court of Military Appeals held that "the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder." If the officer who served as the accused's defense counsel was in fact the accused's individual military counsel, the failure of the military judge to question the accused on his right to individual military counsel would in my opinion have been harmless error.

However, the record of trial in this case does not provide any information that indicates that the accused requested that this officer serve as his individual military counsel. Nor does the record indicate that the accused understood the meaning of the term individual military counsel. The Appellate Government and Defense Counsels filed a stipulation on January 24, 1985, in response to a request of this Court for further information, that states that if questioned under oath, defense counsel would state that "Fireman Kurz requested that [he] act as his individual military counsel." I am not convinced that this stipulation is sufficient to meet the burden imposed by the Court of Military Appeals in *Donohew, supra.* I believe that this case should be returned to the Judge Advocate General of the Coast Guard for a hearing, under *United States v. Dubay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), to determine (1) whether the accused did in fact request that this officer serve as his individual military counsel, as opposed to merely acquiescing to the appointment of the officer as his counsel and (2) whether accused did in fact understand his rights to military counsel under Article 38(b)(3), (5), and (6), UCMJ.

Although I would not reverse the case on this basis, I share Judge Holland's concern over the failure of the defense counsel to object to the admission of the service record entry characterizing the accused as a drug abuser. While other service record entries adverse to the accused were admitted without objection, they seem to relate to the defense's case on extenuation and mitigation, this entry does not. However, I am not prepared to say that it was "plain error" for the military judge to admit the entry, absent an objection from counsel.

I am also concerned that in addition to not objecting to this service record entry, the defense counsel failed to submit a petition of clemency in this case. The Appellate Defense Counsel has alleged in his brief that the accused's spouse committed suicide shortly after his release from confinement. In view of the fact that the defense's case at trial was largely based on the ground that the accused was absent without leave because of his concern for the welfare of his wife, he should have tried to bring this matter to the attention of the convening or supervisory authority either in the form of a clemency petition or in a reply to the District Legal Officer's review and advice under Article 65(b), 10 U.S.C. § 865(b), UCMJ, (if the defense counsel was aware of these facts).