# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, BURTON[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JOSHUA R. SICKELS**
**United States Army, Appellant**

ARMY 20110110

Headquarters, Fort Riley
Charles D. Hayes, Military Judge
Lieutenant Colonel Robert A. Borcherding, Staff Judge Advocate (pretrial)
Colonel Michael L. Smidt (recommendation)
Lieutenant Colonel Daniel G. Brookhart (addendum)

For Appellant:  Major Richard E. Gorini, JA; Captain Richard M. Gallagher, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Jesica J. Morales, JA (on brief).

23 July 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

KRAUSS, Judge:

A general court-martial, composed of officer and enlisted members convicted appellant of three specifications of indecent liberties with a child, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ], and four specifications of sodomy with a child, one specification of carnal knowledge, two specifications of rape of a child, two specifications of aggravated sexual contact with a child, and one specification of indecent liberty with a child in violation of Articles 120 and 125, UCMJ, 10 U.S.C. § 920, 925 (2006 & Supp. II 2008).  Appellant was acquitted of two specifications of obstructing justice alleged

------

[1] Judge BURTON took final action on this case prior to her permanent change of duty station.

in violation of Article 134, UCMJ. The convening authority disapproved the carnal knowledge conviction (Specification 1 of Charge III), approved the remaining findings of guilty, and approved the adjudged sentence to a dishonorable discharge, confinement for life without eligibility of parole, forfeiture of all pay and allowances, and reduction to the grade of E-1.

This case is before the court for review under Article 66, UCMJ. Appellant asserts that his counsel were constitutionally ineffective in preparing and presenting a sentencing case and that the government's failure to allege terminal elements under Article 134, UCMJ in Charge I and its Specifications, indecent liberties with a child, require reversal of those convictions pursuant to *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). Appellant also raises a number of matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

We agree with the appellant that he received ineffective assistance of counsel relative to sentencing and that Charge I and its Specifications should be dismissed. Appellant's defense counsel failed to conduct the minimal amount of investigation, preparation, and presentation of a case in extenuation and mitigation necessary to ensure a fair sentencing hearing and reliable sentence in this case. In addition, there is nothing in the record sufficient to establish notice of the need to defend against a terminal element as required under *Humphries*.

## BACKGROUND

Appellant was represented by civilian and military defense counsel. Civilian defense counsel was lead counsel in the case for all but post-trial matter purposes.

Upon conviction for the rape, sodomy and sexual assault of his two daughters, and facing the possibility of confinement for life without the eligibility of parole, appellant offered nothing in extenuation and mitigation. Neither witness testimony nor documentary evidence nor a sworn or unsworn statement from appellant was presented to the panel. The military judge did ascertain from appellant on the record that he personally decided against making any statement. Trial counsel argued appellant should receive 70 years in confinement. Military defense counsel made a brief argument stating that he understood the panel may very well send appellant to prison for the rest of his life but requested a sentence of 25 years making reference to evidence of appellant's deployment experience available on appellant's enlisted records brief which had been admitted by the government. The panel sentenced appellant to confinement for life without eligibility of parole.

Appellant now offers affidavits from three soldiers who would testify in sentencing to his service during two tours in Iraq, including significant examples of moral and physical courage, and particular acts of bravery in combat. For example, according to the witness affidavits, appellant comported himself with distinction in

addressing the suspected war crimes of fellow members of his platoon during one deployment and distinguished himself as a soldier of superior skill and bravery when in close combat with the enemy in another deployment. He also offers affidavits of his brother and mother expressing potential testimony available at sentence relative to his upbringing.

The military defense counsel admits that he did no investigation on sentencing matters whatsoever leaving that to the civilian defense counsel upon his instruction. The civilian defense counsel states that his decision against calling any "good soldier" witnesses was based on his review of a separation board transcript of such witnesses who testified on behalf of appellant at that board and his assessment that "good soldier" witnesses would not serve as valuable mitigating evidence in appellant's case and might rather "aggravate the sentence." Civilian defense counsel also concluded that it would be injurious to appellant's sentencing case to expose such witnesses to cross-examination based on appellant's offenses and bad acts. However, civilian defense counsel never actually interviewed or spoke to any potential witnesses from appellant's unit nor apparently, did counsel collect or review any documentary evidence of appellant's service. He states that he did not call any family members because appellant did not cooperate in that respect or offer any family information indicative of any matter worthy of presentation in extenuation and mitigation. Also, upon review of the potential family testimony, civilian defense counsel concludes he would have decided against its presentation in any event.

## DISCUSSION

At the outset, it is important to note that we find appellant's assertions and the affidavits of civilian and military defense counsel to be in essential agreement on what we consider the most important matter at issue - the adequacy of defense counsel investigation and preparation for the sentencing hearing in this case as it relates to appellant's military service. Therefore, we need not resort to a fact-finding hearing to resolve the case now before us. *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997).

We recognize the presumption of competence and deference to tactical decisions rendered defense counsel. *United States v. Mazza*, 67 M.J. 470, 474–75 (C.A.A.F. 2009); *United States v. Scott*, 24 M.J. 186, 188 (C.M.A. 1987); *United States v. Bowie*, 17 M.J. 821, 824 (A.C.M.R. 1984). *See generally Strickland v. Washington*, 466 U.S. 668 (1984). However, counsel are ineffective when they "fail[] to investigate adequately the possibility of evidence that would be of value to the accused in presenting a case in extenuation and mitigation." *United States v. Boone*, 49 M.J. 187, 196 (C.A.A.F. 1998); *United States v. Weathersby*, 48 M.J. 668 (Army Ct. Crim. App. 1998). Failure to interview witnesses necessary to assess the potential for evidence in extenuation and mitigation leaves defense counsel in no

3

position to make properly informed tactical decisions on the subject. *United States v. Alves*, 53 M.J. 286, 290 (C.A.A.F. 2000); *Weathersby*, 48 M.J. at 673. Where defense counsel fail to make adequate investigation of possible evidence in extenuation and mitigation and fail to present any evidence in sentencing at trial, the sentence may be unreliable and may require a rehearing on sentence as a result. *See Alves*, 53 M.J. at 290; *Boone*, 49 M.J. at 196–99.

Here defense counsel relied on his assessment of the summarized transcript of testimony at an administrative separation board and his tactical judgement that any "good soldier" witnesses would carry little if any weight with the panel at appellant's court-martial if appellant was convicted. Neither counsel made any effort to identify and interview soldiers who had served with appellant during two combat tours in Iraq. Absent interview of such potential witnesses, counsel were in no position to properly assess whether to present the testimony of any such potential witness. *See Alves*, 53 M.J. at 290.

The record of trial and affidavits submitted by appellant here establish an undisputed fact that a minimal amount of investigation into appellant's service history, including interview of soldiers who served with appellant in Iraq, would permit an informed decision on the matter. Defense counsels' failure to investigate and interview such potential witnesses falls below the minimum standard of professional representation expected and required to ensure proper representation of accused soldiers. Under the circumstances of this case, defense counsels' failure to present anything in extenuation and mitigation was deficient and the result of deficient preparation for the sentencing hearing that has resulted in an unreliable sentence including confinement for life without the eligibility of parole. *See Boone*, 49 M.J. at 196-97. *See also United States v. Saintaude*, 56 M.J. 888, 893 n.14 (Army Ct. Crim. App. 2002) (citing *United States v. McConnell*, 55 M.J. 479, 481 (C.A.A.F. 2001) (noting that the defense team is evaluated as a unit)); Rule for Courts-Martial 1001(c)(1)(B).

Though the summary of expected testimony from appellant's potential defense witnesses is undisputed, we conclude that a sentence rehearing rather than sentence reassessment is warranted. The affidavits presented to us are no substitute for testimony before a panel and appellant has neither enjoyed opportunity to develop his case in extenuation and mitigation nor enjoyed the benefit of same presented to a convening authority. In addition, defense counsel failed to properly consider the need for presentation of evidence in extenuation and mitigation essential to perfect the record for appellant's opportunity to obtain meaningful sentence review from the convening authority and this court. Because of this breakdown in the adversarial system, necessary to ensure a reliable sentence, and despite the seriousness of appellant's offenses, we will therefore order a rehearing on sentence, where appellant will enjoy the opportunity to present a case in extenuation and mitigation

with new counsel. *See Alves*, 53 M.J. at 290; *Boone*, 49 M.J. at 198-99; *Weathersby*, 48 M.J. at 673.

In relation to the charged offenses of indecent liberties with a child under Article 134, UCMJ, and in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we disapprove the findings of guilt as to Charge I and its specifications. Those specifications did not contain allegation of a terminal element under Article 134, UCMJ, nor is there anything in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's convictions for indecent liberties with a child under Article 134, UCMJ, and dismiss, without prejudice, the defective specifications which failed to state an offense in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

## CONCLUSION

On consideration of the entire record, including those matters raised by appellant pursuant to *Grostefon*, the parties' briefs and appellate filings, the findings of guilty of Charge I and its Specifications are set aside and those specifications are dismissed without prejudice. The sentence is set aside. The remaining findings of guilty are AFFIRMED. The same or a different convening authority may order a rehearing on sentence.[2]

Senior Judge YOB and Judge BURTON concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

---

[2] *See generally* Rules for Courts-Martial 810(a)(2)–(3), (d)(1), and (e).